Earl, J.
This action was commenced in August, 1881, to recover 37 acres of land situated in Allegany county. It has been twice tried before referees, the trials resulting each time in a judgment for the plaintiff, and the last judgment has been unanimously affirmed by the general term.. In April, 1852, Thadeus Sherman owned a large tract of land, including the land in question, and he conveyed the entire tract to Alexander S. Diven. Eor the purpose of securing a portion of the purchase money, Diven and wife executed a mortgage to Sherman. On the same day they also executed another mortgage to William J. Forbes. Both of these mortgages were subsequently assigned to Gfeorge M. Diven, and by him they were foreclosed, and Charles J. Langdon became the purchaser of the premises at the foreclosure sale. He subsequently, in July, 1878, conveyed the land in question, with other land, to the plaintiff, and it is without dispute that she thus obtained the legal title to the land. The defendants Spargur and Dot}1-, under whom the other defendants justify, claim to have an equitable defense to the action, and claimj too, a conveyance of the land, growing out of the following facts : In 1854 Alexander S. Diven conveyed the entire tract of land to Jarvis Langdon, and in 1859 Langdon conveyed one-half of the land to Ballard and Sampson, and in 1861 they gave Lester Dyke a contract for 200 acres of land, which included the land in question. In 1867 Dyke conveyed the land in question to Charles Riñe, and in 1877 Rifle contracted the land to Mrs. Hodgkins, and in 1880 she conveyed the land to the defendants Spargur and Doty. Dyke and Rifle were parties to the foreclosure action, and, at the time of the commencement of that action, Rifle was in the possession and occupancy of the land in question, and neither Diven nor Langdon had any notice of any rights or interest of Mrs. Hodgkins in the land. The defendants claim, and gave some evidence tending to show, that, prior to the commencement of the foreclosure action, George M. Diven, by the authority of Charles J. Langdon, made a verbal agreement with Lester Dyke and all others holding contracts from or under Ballard' and Sampson that, if they would not interpose any obstacles in the way of the foreclosure, all their rights by virtue of their respective contracts should be protected, upon the payment of the balance due upon such contracts, and their pro raía share of the costs of foreclosure and some taxes. Rifle did not claim from Langdon, after the foreclosure sale, a deed of the land in question, but he consented and requested that the deed therefore should be given to the plaintiff. To secure the purchase money of the land conveyed to her, she gave to Lang-don a mortgage thereon for the sum of about $700. Upon these facts, and others of little significance, the defendants Spargur and *531 Doty claim that they are equitably entitled to a conveyance of the land, free Erom the last-mentioned mortgage.
In addition to the reasons assigned in the able opinions of the two successive referees before whom this action was tried, which it would be a waste of time to repeat, the. following reasons niay also be given for sustaining the recovery by the plaintiff:
1. The defendants came into court confronted with the undisputed fact that the plaintiff has the legal title to the land. They rely upon an equitable claim which, in their defense to this action, they were bound to establish , as they would have been bound to establish if they had commenced an action for the same equitable relief. In September, 1865, Lester Dyke conveyed the land in question to Ebénezer M. Robinson, by a deed acknowledged September 7, 1865, and recorded February 22, 1866. fjlhe deed acknowledged a consideration of $350. Subsequently, Robinson gave Dyke a mortgage for $350, dated February 26,1866, and acknowledged March 10, 1866. That mortgage was assigned by Dyke to Darius 0. Judd on the 22d day of March, and the mortgage and assignment were recorded April 2, 1866. The defendants did not, at the trial, offer any explanation of these documents, and they show that Dyke had parted with all his interest in the land at least a year before his conveyance of the same land to Rifle, through whom, the defendants claim. It thus appears that Spargur and Doty never acquired a particle of title, legal or equitable, to the land, and that they have no standing to enforce a conveyance thereof to them by the plaintiff. It is possible that these facts admit of some explanation, but such explanation should have come from the defendants. With these facts in the record undisputed and unexplained, the title of Robinson and of the holder of his mortgage could not be subverted by a conveyance to Spargur and Doty under any judgment in this action. No facts are alleged in the answer, and none were proved upon the trial, which estop the plaintiff from disputing the conveyance of Dyke to Rifle or any of the conveyances under which Spargur and Doty claim. At the time she took her deed from Langdon, she did not have actual or implied notice that any one but Rifle had any interest in this land under the Ballard and Sampson contract, and he gave up his interest and consented to the conveyance to her. It is immaterial that there is no finding by the, referee as to the facts relative to the deed to Robinson. Those facts are undisputed, and may be considered for the purpose of upholding the judgment.
2. But, if the obstacle in the defendants’ pathway just pointed out did not exist, their defense must still fail. The title of Spargur and Doty depends upon the contract given by Ballard and Sampson to Lester Dyke. He had no deed, and when he conveyed to Rifle, if he conveyed anything, it was his interest under .the contract, and he-simply gave Rifle a right to a conveyance of the land from Ballard and Sampson, upon pérformance by him of the contract. Neither Dyke nor Rifle ever performed the contract, and Mrs. Hodgkins did not perform it. Nor did Spargur and Doty perform it. They did not even offer to perform it in their answer, which was served about 20 years after the date of *532 the contract; and upon the trial' of the action, about 30 years after the date of the contract, there was no offer on the part of the defendants to perform the contract, and it did not appear that they were ready, willing, or able to perform it. Even if any obligation rested upon Langdon or the plaintiff to protect that contract, or the persons holding or claiming any land under it, the protection was not due until they paid the balance due upon the contract, besides costs and taxes. The plaintiff stands in the place of Langdon, and she could not, in any event be deprived of the land in question until payment to her in accordance with the alleged agreement upon which the defendants base their equities. Tire defendants cannot now claim that the referee ought to have provided in the j udgment awarded by him that, upon making such payment, Spargur and Doty should have a conveyance of the land, because they did not ask for such relief, and did not place themselves in a position to be entitled to it.
3. But, passing by these obstacles to the defendants’ success, there is another obstacle which they did not overcome. Mrs. Hodgkins did not have any deed of the land. She had only a contract for a deed, and when she deeded the laud to Spargur and Doty she simply transferred to them her rights under her contract with Rifle, and they took her place. The contract was made in April, 1877, and has never been performed. Mrs. Hodgkins not only did not perform on her part, but actually disabled herself from performance; and Spargur and Doty never performed it, never offered to perform it, and are actually unable to perform it. Their rights depend upon that contract, and they were bound' to show that they had some subsisting rights under it before they were in a position to assert any equities in this action. The plaintiff cannot be compelled to vest them with the legal title to the land while they are not entitled to a conveyance thereof from any one. Rifle has a right to be heard in reference to the performance of his contract with Mrs. Hodgkins, and he is not a party to this action. At the time of the conveyance by Langdon to the plaintiff, Rifle-evidently ignored or repudiated that contract; and no one can say, from anything appearing in this record, that he did not have the right to do so. Spargur and Doty were bound to make a case entitling them to a conveyance of the land, as if they had, as plaintiffs, brought an action for that purpose ; and it is entirely clear that they did not make such a case.
For these reasons, and those given by the learned referee whose decision is, under review, the judgment should be affirmed, with costs.
All concur, except Andrews, C. J., not sitting.
Judgment affirmed.