GOLDE CLOTHES SHOP, INC., Appellant, *v.* LOEW'S BUF- FALO THEATRES, INC., Respondent.

Real property — landlord and tenant — ejectment — equity — when equitable defense to action of ejectment not made out — reversal of order of dispossession — action of ejectment by tenant to recover possession — defense that, resting upon order of court landlord had erected new building of different character at large expense and that ouster will work hardship.

1. An equitable defense to an action of ejectment is not made out unless upon the same facts, in the days when equitable defenses to such actions were unknown, the defendant might have maintained a suit in equity to enjoin the prosecution of the remedy at law.

2. Where a landowner has been let into possession under a warrant in summary proceedings and immediately tears down the building and on the site thereof and other adjoining lands erects a building of different character at a large cost and thereafter the order is reversed and the proceedings dismissed, an equitable defense to an action in ejectment brought by the tenant, that improvements have been made at great expense in reliance on a final order then in force and that ouster will work hardship to the owner and will do little good to the tenant cannot be sustained. The plaintiff does not sue in equity and is not asking for relief which the court is free in its discretion to concede or withhold.

3. Defendant is not helped by the fact that it rested upon an order of the court. When the order was reversed and the proceeding dismissed, rights and duties were re-established, *inter partes*, as if no

30

order had been made. Although the issuing of the warrant in proceedings to dispossess has the effect of annulling the relation of landlord and tenant, the relation will be re-established when possession is regained.

4. The failure of this court to order restitution when it determined the appeal, is not to be viewed as an adjudication adverse to the tenant's right. Restitution upon motion is discretionary. One who seeks it may be left, in cases of hardship or of uncertainty, to the remedy by action.

5. The form of action is appropriate. The plaintiff does not seek the demolition of the new building or any part of it. All that is sought is possession of a determinate area of land. The sheriff has ample power to execute the writ.

*Golde Clothes Shop* v. *Loew's Buffalo Theatres*, 206 App. Div. 730, reversed.

(Argued October 4, 1923; decided November 20, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 2, 1923, which affirmed an order of Special Term denying a motion for judgment on the pleadings.

The following questions were certified:

" 1. Does the first defense set forth in the amended answer of the defendant present any issue of fact for determination by the court or jury?

" 2. Do the facts alleged in the second separate defense of the amended answer of the defendant constitute any defense to plaintiff's cause of action?

" 3. Is the plaintiff entitled to judgment on the pleadings in said action for the relief demanded in the complaint? "

*Simon Fleischmann* and *Martin Clark* for appellant. The allegations of defendant's second and separate so-called equitable defense constitute no defense in law or equity to plaintiff's cause of action in ejectment. (*Jackson* v. *Pierce*, 2 Johns. 221; *Jackson* v. *Deyo*, 3 Johns. 422; *Jackson* v. *Van Slyck*, 8 Johns. 487; *Jackson* v. *Sission*, 2 Johns. Cas. 321; *Simons* v. *Chase*, 2 Johns.

84; *City* v. *Holzderber,* 44 Misc. Rep. 509; *Dyke* v. *Spargue,* 143 N. Y. 651; *Penny* v. *Cook,* 19 Iowa, 538; *Williams* v. *Peters,* 72 Md. 584; *Requa* v. *Holmes,* 26 N. Y. 338.) On the reversal by Court of Appeals, of the final order in the summary proceedings, plaintiff became entitled to immediate possession of the premises. (*Peco* v. *Cuyas,* 48 Cal. 629; *Campau* v. *Coates,* 17 Mich. 235; *Bank of U. S.* v. *Bank of Wash.,* 6 Pet. 8; *Bannon* v. *Levy,* 21 Misc. Rep. 91; *Bristed* v. *Harrell,* 21 Misc. Rep. 93; *People ex rel. Simpson* v. *Platt,* 43 Barb. 116; *Arkadelphia Co.* v. *St. Louis S. W. R. Co.,* 249 U. S. 134; *Kansas City S. R. Co.* v. *South Trust Co.,* 279 Fed. Rep. 801; *Matter of Wiltse & Fromer,* 5 Misc. Rep. 105; *Murray* v. *Bardell,* 98 N. Y. 480, 486; *Holly* v. *Gibbons,* 177 N. Y. 401; *Carlson* v. *Winterson,* 146 N. Y. 345; *Wright* v. *Nostrand,* 100 N. Y. 616; *Market Nat. Bank* v. *Pac. Nat. Bank,* 102 N. Y. 464; *Legros* v. *Chain Shirt Shops,* 187 App. Div. 371; *Averett* v. *Averett,* 110 Misc. Rep. 584.) The final order and warrant in the summary proceeding having been reversed, did not terminate the relation of landlord and tenant. (*Niles* v. *Iroquois Co.,* 57 Misc. Rep. 444; *Uffmann* v. *Meyle,* 181 App. Div. 944; *Goldberg* v. *Levine,* 185 N. Y. Supp. 827; *Harris* v. *Goldberg,* 111 Misc. Rep. 600; *Lannitz* v. *Dixon,* 5 Sandf. 249.)

*Maurice C. Spratt* and *Herbert W. Huntington* for respondent. The defendant's answer sets up a substantial equitable defense to the plaintiff's cause of action. For this reason the two courts below properly denied the motion. (*Clark* v. *Levy,* 130 App. Div. 389; *Rippert* v. *Hunter,* 180 App. Div. 680; *Wetmore* v. *Porter,* 92 N. Y. 76; *Emanuel* v. *Walter,* 139 App. Div. 818; *Felt* v. *G. L. Ins. Co.,* 149 App. Div. 14; *McCann* v. *Chasm Power Co.,* 211 N. Y. 301.) The plaintiff has no title or right upon or under which it can maintain this action and, therefore, judgment should not be directed for it but

against it. (*Terwilliger* v. *Browning, King & Co.*, 222 N. Y. 47; *Rogers* v. *Lynds*, 14 Wend. 172; *Niles* v. *Iroquois Realty Co.*, 57 Misc. Rep. 443; *Caesar* v. *Rubinson*, 174 N. Y. 492; *Roe* v. *Conway*, 74 N. Y. 201; *Michaels* v. *Fishel*, 169 N. Y. 381; *Uffmann* v. *Meyle*, 181 App. Div. 944; *Meyle* v. *Uffmann*, 173 App. Div. 945; *Mann* v. *Munch Brewery*, 225 N. Y. 189; *Cornwell* v. *Sanford*, 222 N. Y. 248.) Plaintiff has mistaken its remedy. The only action it can maintain is one for restitution. Restitution cannot be effected by this action in eject- ment. (*Haebler* v. *Myers*, 132 N. Y. 363; *Travellers' Ins. Co.* v. *Heath*, 95 Penn. St. 333.)

Cardozo, J.   In November, 1915, plaintiff became the lessee of Nos. 511 and 513 Main street in the city of Buffalo for a term of ten years beginning February 1, 1916. In the event of a sale, the privilege of terminating the lease was reserved to the lessors or their grantees, subject, however, to conditions which were carefully defined. One of these was to the effect that notice of termination must be given within three months after the lessors had parted with the ownership. A sale was made by the lessors in April, 1916, but neither then nor within three months thereafter was there an election to declare the tenancy at an end. A second conveyance was made in January, 1919, and still possession was unchallenged. A year later, in January, 1920, a third sale was made, this time to the defendant. The new owner took the ground that with each successive sale the privilege to terminate the tenancy revived. The tenant, unwilling to concur in that construction of the lease, declined to yield pos- session when served with notice to vacate, and contested the summary proceedings which were promptly started by the owner. The City Court of Buffalo, where the proceedings were begun, made a final order on July 9, 1920, awarding possession to the petitioner. The tenant appealed to the Special Term of the Supreme Court,

which affirmed, then to the Appellate Division, which affirmed, though by a divided vote, and finally to this court. We held that the privilege did not survive the expiration of three months following the sale by the lessors (*Matter of Loew's Buffalo Theatres, Inc.*, 233 N. Y. 495). Our judgment was that the several orders before us be " reversed, and the proceedings dismissed " with costs in all courts.

In the meantime the defendant, the petitioner in the summary proceedings, had been let into possession under the warrant of the City Court. At once the building was torn down. On the land where it had stood and on other land adjoining, a theatre was built at a cost of over a hundred thousand dollars. One of the entrances to this theatre, the connecting lobby, and a small section of the orchestra cover the premises demised. Promptly after our decision, the tenant made demand that it be put back upon the land from which it had been ousted. The demand met with a refusal, and this action of ejectment followed. We are to determine whether the plaintiff is entitled to judgment on the pleadings.

The defendant has set up what it styles an equitable defense. Improvements, it says, have been made at great expense in reliance on a final order, now reversed, but then in force. Ouster will work hardship to the owner; it will do little good to the tenant. The building, or so much of it as stands upon this land, is suited, not for a shop, but for a theatre. The owner is solvent, and if any loss has been suffered, is ready to pay the bill. In these circumstances the tenant should be left, it is said, to an action for the recovery of damages. The Special Term and the Appellate Division, two justices dissenting, have held that this defense is good.

The order cannot be sustained without obliterating a legal estate and extinguishing a right of property. The plaintiff does not sue in equity, and is not asking for relief which the court is free in its discretion to concede or

to withhold. Such cases as *McCann* v. *Chasm Power Co.* (211 N. Y. 301), where the relief demanded was the discretionary remedy of injunction, are thus beside the point. The plaintiff, suing at law, shows itself to be the owner of a legal estate, and asks to be restored to the possession of that which is its own. The defendant does not make out an equitable defense unless upon the same facts, in the days when equitable defenses were unknown in actions of ejectment (*Jackson* v. *Pierce*, 2 Johns. 221), it might have maintained a suit in equity to enjoin the prosecution of the remedy at law (*Dyke* v. *Spargur*, 143 N. Y. 651). To that end, something more must be shown than ungenerous behavior. "A court of equity cannot divest legal titles, except in accordance with its settled and acknowledged jurisdiction" (*Weed* v. *Weed*, 94 N. Y. 243, 247). One does not lose what is one's own because its utility would be greater if it were awarded to some one else. The defendant, a private corporation, is not the delegate of the state, with power to condemn when it is unable to agree.

We are told that the defendant rested upon an order of a court. The prop was insecure, and warning was not lacking of the danger of collapse. When the order was reversed and the proceeding dismissed, rights and duties were re-established, *inter partes*, as if no order had been made (*Bank of U. S.* v. *Bank of Washington*, 6 Pet. 8; *Arkadelphia M. Co.* v. *St. Louis S. W. Ry. Co.*, 249 U. S. 134, 145; *Day* v. *Bach*, 87 N. Y. 56, 61; *Dater* v. *Troy T. & R. R. Co.*, 2 Hill, 629; Freeman on Judgments, § 481). There are cases which hold that one who buys at a judicial sale loses title upon reversal if he was not a stranger to the controversy, but himself a party to the suit (*Galpin* v. *Page*, 18 Wall. 350, 374; *Gould* v. *Sternberg*, 128 Ill. 510; *Colburn* v. *Yantis*, 176 Mo. 670; *Heileman* v. *Frey*, 54 N. J. L. 284; cf. Freeman on Judgments, § 483). We do not need to go so far to decide the case at hand. Here there has been no sale, but merely a transfer of possession,

and a possession free from complication by intervening interests. We find no question anywhere that restitution will be enforced in such circumstances, either through ejectment or its equivalent, at the instance of a tenant unlawfully evicted (*Delano* v. *Wilde,* 11 Gray, 17; Freeman on Judgments, § 484). Doubt, if otherwise there could be any, is dispelled by the statute, which notifies the landlord that possession under the warrant is subject to termination on the reversal of the order (Code Civ. Pro. § 2263; Civil Practice Act, § 1444).

The answer is not framed upon the theory of an equitable lien for the value of improvements, but such a claim, if it were made, would have no basis in the facts. The plaintiff is not an actor in the equitable forum. It does not come into court seeking equitable relief and subjecting itself to the condition of doing equity in return (*Thomas* v. *Evans,* 105 N. Y. 601). If that obstacle could be surmounted (*Bright* v. *Boyd,* 1 Story, 478; 2 Story, 605; *Thomas* v. *Evans, supra,* at p. 613), others would remain. " The improvements did not increase the value of the plaintiff's interest " (*Woodhull* v. *Rosenthal,* 61 N. Y. 382, 397). The plaintiff is merely a tenant, and this for a term that will expire in a little more than two years. There has been no such unjust enrichment as results from the permanent appropriation of improvements by an owner of the fee (*Woodhull* v. *Rosenthal, supra; Jackson* v. *Ludeling,* 99 U. S. 513, 521). Indeed, if we are to take the defendant at its word, the changes have impaired rather than enhanced the value of the leasehold. " The building was, plainly, of no use to him as lessee, and it would be manifest injustice to make any deduction on account of it " (*Woodhull* v. *Rosenthal, supra*). A final obstacle is found in knowledge of the adverse claim. The cases that have gone farthest in conceding a lien for the value of improvements to the innocent possessor stress the attribute of innocence. Innocence cannot co-exist with notice of the adverse right (*Green* v. *Biddle,* 8 Wheat.

1, 79; *Woodhull* v. *Rosenthal, supra*). The defendant knew, when it made the improvements, that its right to the possession was contested by the tenant. It knew that an appeal was pending. It took the risk, and went ahead (*Requa* v. *Holmes*, 26 N. Y. 338, 353).

The point is made that the issuing of the warrant has the effect, under the statute (Code Civ. Pro. § 2253; C. P. A. § 1434), of annulling the relation of landlord and tenant. The relation will be re-established when possession is regained.

The point is made also that the failure of this court to order restitution when it determined the appeal, is to be viewed as an adjudication adverse to the tenant's right. Restitution upon motion is discretionary. One who seeks it may be left, in cases of hardship or of uncertainty, to the remedy by action (*Wright* v. *Nostrand,* 100 N. Y. 616; *Market Nat. Bank of N. Y.* v. *Pacific Nat. Bank*, 102 N. Y. 464; *Haebler* v. *Myers*, 132 N. Y. 363).

The form of action is appropriate. The plaintiff does not seek the demolition of the new building or any part of it. All that is sought is possession of a determinate area of land. The sheriff has ample power to execute the writ (*City of Syracuse* v. *Hogan*, 234 N. Y. 457).

Other points are urged, but we find them unsubstantial.

The order of the Appellate Division and that of the Special Term should be reversed with costs in all courts, and the motion for judgment on the pleadings granted with costs.

The first and second questions certified should be answered in the negative, and the third question in the affirmative.

HISCOCK, Ch. J., HOGAN, POUND, MCLAUGHLIN and ANDREWS, JJ., concur; CRANE, J., dissents.

Orders reversed, etc.