George M. Carney, J.
Plaintiff moves for partial summary judgment and an assessment of damages against defendant Mayer, based upon its wrongful eviction from premises leased by it from defendant Mayer. By cross motion, said defendant moves to dismiss the second and third causes for insufficiency. Plaintiff’s relief is sought only as to defendant Mayer and only as to the second and third causes of action wherein it seeks, respectively, damages in the amount of the value of the leasehold lost by it and damages representing its cost of moving, loss of business, security and good will and other consequential damages.
The underlying facts are undisputed. Plaintiff was defendant Mayer’s tenant under a 12-year lease for a term commencing July 1, 1967 and terminating January 30, 1979. In June, 1968 Mayer commenced a summary proceeding in the Civil Court against plaintiff to recover possession, alleging nonpayment. *253 This was denied by plaintiff and after trial a judgment was rendered in Mayer’s favor awarding him possession by virtue of nonpayment of rent. A 72-hour notice was served by a City Marshal on June 20 or 21, 1968 and plaintiff thereupon filed a notice of appeal but did not seek a stay of eviction and, thereafter, plaintiff vacated the premises pursuant to the order. By order, dated January 9, 1969, the Appellate Term, First Department, reversed the determination of the Civil Court, and thereafter the Appellate Term and the Appellate Division denied Mayer permission to appeal. Now, in this action, plaintiff seeks, in the first cause, restitution of the property; in the second cause, damages if restitution is not ordered, and in the third cause, recovery of other incidental damages. The other defendants are Mayer’s present tenants of the subject premises and plaintiff waives its rights asserted against said other defendants if summary judgment is granted herein against defendant Mayer under the second and third causes of action.
Mayer’s defenses, asserting that plaintiff was in default under the lease, are not available to it in view of the determination of the Appellate Term. The claim that plaintiff could have cured the default but, instead, deliberately and voluntarily vacated the premises, is also not compelling. Plaintiff was under legal compulsion to move when it did by an order of the court. It has been judicially determined that the eviction order was invalid and that plaintiff was not in default under the lease. Nor has any basis been advanced for holding that plaintiff was required as a matter of law to pay the rent demanded by Mayer or seek a stay of the eviction (Sno-Wite, Inc. v. Gerald Operating Corp., 271 App. Div. 314, affd. 297 N. Y. 1007). It may be that such matter will affect the damages recoverable but this can be proven at an assessment of damages.
The causes asserted for damages have long been recognized (Golde C. Shop v. Loew’s Buffalo Theatres, 236 N. Y. 465). Plaintiff is not required at this juncture to elect its remedy. It has offered to waive the cause for restitution if this motion is granted, and the motion may be granted on this condition, which would follow as a matter of law in any event. The allegation in the complaint that Mayer acted maliciously does not, as Mayer contends, transform this action into one for prima facie tort; it is unnecessary to the causes and may be disregarded. The motion for summary judgment as to the second and third causes of action against Mayer is granted and the cross motion to *254 dismiss the second and third causes, is denied. Settle order, providing for an assessment of damages by plaintiff, a withdrawal of the first cause of action, and denial of the cross motion of defendant Mayer.