■ LUCILLE J. LEONE, Respondent, v PEDRO VINET, Appellant. — In a negligence action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Queens County, dated June 23, 1980, that (1) in effect, granted plaintiff's motion to vacate a prior order of the same court, which upon plaintiff's default, dismissed the action for plaintiff's failure to timely serve a complaint, and (2) directed the defendant to accept plaintiff's complaint, *inter alia,* if served within 15 days after entry of the order. Order reversed, on the law, with $50 costs and disbursements, and motion to vacate denied. Special Term abused its discretion in granting plaintiff's motion to vacate the order of dismissal. Plaintiff's excuse for defaulting on defendant's motion to dismiss the action amounts to no more than "law office failure." Moreover, plaintiff's summary allegations concerning the existence of settlement negotiations between her counsel and defendant's insurance carrier are insufficient under the circumstances to constitute a reasonable excuse for the nearly seven-month delay in serving a complaint (cf. *Barasch v Micucci,* 49 NY2d 594). Titone, J.P., Gibbons, Rabin and Margett, JJ., concur.