■ MON AMOUR REST., INC., et al., Appellants, v JAN J. HELGESON, Also Known as JAN JANSSEN, et al., Respondents, et al., Defendants. MILTA REALTY CORP., Respondent, v MON AMOUR REST., INC., et al., Appellants. — Order of the Supreme Court, New York County (Williams, J.), entered October 1, 1981, which denied plaintiffs' cross motion to renew their opposition to a prior motion relating to the vacatur of defendant Helgeson's default, reversed, on the law and facts, with costs; plaintiffs' cross motion to renew their opposition is granted and, upon renewal, the prior order vacating the default of defendant Helgeson is itself vacated and defendant Helgeson's motion to vacate her

default is denied. Appeal from the order of the Supreme Court, New York County (Williams, J.), entered April 1, 1981, which granted defendant Helgeson's motion to vacate her default and the default judgment entered against her on January 7, 1981, is dismissed, without costs, as superseded by the appeal from the order denying plaintiffs' cross motion to renew. Order of the Supreme Court, New York County (Maresca, J.), entered March 9, 1982, which denied plaintiffs' motion for summary judgment on the third cause of action of the amended complaint against defendant Milta Realty Corporation reversed, on the law, with costs, and plaintiffs' motion for summary judgment on the third cause of action against said defendant is granted, and an inquest directed. Order of the Supreme Court, New York County (Greenfield, J.), entered June 4, 1982, granting defendants' motion to reargue but adhering to the original determination, affirmed, with costs. Appeal from the order of the Supreme Court, New York County (Greenfield, J.), entered June 4, 1982, granting plaintiff Milta Realty Corporation's motion to vacate and cancel a notice of pendency filed by defendant Mary Schramm against the premises known as 150 East 55th Street dismissed, without costs, as superseded by the order granting reargument and adhering to the original determination. Set out below is the factual background concerning five related appeals in two companion actions decided simultaneously herewith. Defendant Mary Schramm and Jan Helgeson formed the defendant corporation, Mon Amour Rest., Inc., which took assignment in June, 1978 of the eight-year balance of a 10-year lease, in a building previously standing upon the subject premises. The present owner, plaintiff Milta Realty Corp., acquired that building in 1979. The shareholders of Mon Amour had a falling out and in May, 1980, Ms. Schramm commenced a dissolution proceeding. In June, the landlord Milta initiated a summary proceeding against Mon Amour for failure to pay tax-escalated rent. After she arranged through the attorney who was representing her in the dissolution proceeding, that the corporation answer, interpose affirmative defenses and a counterclaim, Ms. Helgeson, on the eve of trial, summarily dismissed that counsel. The corporation then immediately stipulated in writing to immediate judgment for possession, with execution stayed until July 8. On that day, the judgment was signed, the keys surrendered and the premises demolished before the end of the next day. Ms. Schramm's first knowledge of anything amiss came on July 9 when she arrived at the dismantled restaurant. On July 10, she learned from the corporation's dismissed attorney of the eviction proceeding and the circumstances of his discharge. Ms. Schramm promptly moved on July 18 to vacate the "consent" judgment. Judge Sena of the Civil Court denied the motion. Upon appeal, the Appellate Term reversed and vacated the consent judgment. It rejected landlord Milta's contention that Helgeson had apparent authority to act for the corporation in consenting to the judgment of eviction. Milta's president had visited the restaurant premises on previous occasions. He could not avoid knowing that Schramm was not only alive and well, but also that she had an interest in the corporation. There was a large "JJ and Mary K's Mon Amour" sign, the liquor license was in the joint names of Jan J. Helgeson and Mary K. Schramm. The food permit was in Schramm's name solely, and in Milta files, the lease assignment showed Schramm as president of Mon Amour Rest., Inc. Further, Ms. Helgeson alone could not take action which, in effect, divested the corporation of practically its entire property, i.e., the leasehold and fixtures, unless specially authorized. (See Business Corporation Law, § 909.) Appellate Term found alarming haste on the part of Milta to have the judgment entered and then to demolish the premises the very next day. That court stated: "It strains credulity to believe that the absconder, Helgeson, was not handsomely

paid to return to her native Canada". Leave to appeal to the Appellate Division was denied both by the Appellate Term and by this court. Ms. Schramm commenced the present action, the Mon Amour named as a coplaintiff. The first two causes of action of the amended complaint charged Ms. Helgeson with waste of corporate assets and breach of fiduciary duties. The third cause of action asserted that defendants Helgeson, landlord Milta, and its attorneys "have intentionally conspired to and have converted the assets of Mon Amour". The fourth cause of action alleged violations of the Debtor and Creditor Law and the Business Corporation Law. After unsuccessfully attempting to serve Helgeson personally, service was effected on August 28, 1980, by leaving the summons and complaint with the doorman and mailing copies to her Manhattan co-operative apartment. Earlier in July, Helgeson had been served with a subpoena to appear in Civil Court on Schramm's motion to vacate the consent judgment of eviction. It is undisputed that Helgeson had, by this time, left the United States to return to Canada. On November 5, 1980, with Helgeson having neither responded nor appeared, plaintiffs moved for a default judgment. It was granted on December 5, 1980. Helgeson moved to vacate this default judgment on January 28, 1981. In granting her motion to vacate the default, the court, although noting that she had left the jurisdiction immediately after entry of the consent judgment of eviction, concluded there was a reasonable excuse for her default, stating that her motives for leaving New York "are one of the issues to be * * * resolved". Special Term ignored the failure to assert a meritorious defense by stating that it would not "on a motion such as this, delve into movant's ultimate likelihood of success in this litigation, for that is not a criterion to be met before a default judgment can be vacated." After the Appellate Term decision reversing the "consent" judgment, plaintiff Schramm moved to renew her opposition to Helgeson's prior motion to vacate the default. The motion was based upon the argument that the Appellate Term decision, discussed *supra*, established that Helgeson had no meritorious defense to the divestment of Mon Amour's assets. Special Term denied plaintiffs' renewal motion stating that "[c]ourts favor disposing of controversies on the merits." The grant by Special Term of the motion by Helgeson to vacate her default and the denial of plaintiffs' motion to renew their opposition to the motion to vacate, were erroneous. A defendant must demonstrate a justifiable excuse for defaulting and a meritorious defense (*Small v Applebaum,* 79 AD2d 572). The defendant Helgeson did not make the requisite showing as to either. The record presented to Special Term demonstrated a studied evasion of legal process on defendant's part once she entered into the "consent" judgment. She dropped out of any communication with her co-owner, her discharged attorney and the dissolution court and left New York and the country. Her attempt to set forth a meritorious defense was also unavailing. She set forth no substantive legal defense. Accordingly, the grant by Special Term of the motion to vacate the default was an abuse of discretion. The denial by Special Term of plaintiffs' motion for summary judgment on the third cause of action against defendant Milta Realty Corporation was also in error. The third cause of action asserts that all defendants "have intentionally conspired to and *have converted the assets of Mon Amour*". (Emphasis added.) Plaintiffs Schramm and Mon Amour were entitled to summary judgment on this cause of action alleging the landlord's conversion of the premises. Appellate Term's vacatur of the judgment of eviction removed the lawful basis of landlord's repossession. The landlord is precluded from pleading reliance on a valid judgment of possession at the time of eviction. (See *Golde Clothes Shop v Loew's Buffalo Theatres,* 236 NY 465.) The characterization of the cause of action as one for conversion rather than wrongful eviction does not change the

result. The effect of the landlord's actions was a conversion of Mon Amour's assets (which include the remainder of the leasehold). As long as all the factual allegations establishing a cause of action for wrongful eviction have been pleaded and proven, mislabeling is of no moment. (See *Diemer v Diemer,* 8 NY2d 206, 211-212.) The action commenced by Ms. Schramm and Mon Amour Rest., Inc., seeks damages for conversion or wrongful eviction and an injunction against defendant Helgeson, enjoining her from conveying corporate assets. There is also a dissolution proceeding pending which was commenced by Ms. Schramm, *Matter of Schramm (Mon Amour Rest.)* (Supreme Ct, New York County, Index No. 09907/80). However, in none of these actions has Ms. Schramm specifically demanded restitution of the leasehold or demanded judgment to restore the premises to its former owner. CPLR 6501 provides in pertinent part: "A notice of pendency may be filed in any action in a court of the state or of the United States in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property". Accordingly, in none of these actions is "the title to, or the possession, use or enjoyment of, real property" affected by "the judgment demanded" by the plaintiffs. We note, however, that this determination is made without prejudice to any application Ms. Schramm or Mon Amour Rest., Inc., may make to amend their complaint or petition in the dissolution proceeding (see *Golde Clothes Shop v Loew's Buffalo Theatres, supra*), and, if such relief is granted, to a new filing of a notice of pendency. Concur — Murphy, P. J., Ross, Markewich, Bloom and Asch, JJ.