■ THOMAS LEMISH, Appellant, v EAST-WEST RENOVATING COMPANY et al., Respondents.—Order, Supreme Court, New York County (Leonard N. Cohen, J.), entered on or about December 15, 1988, which denied plaintiff's motion for summary judgment and granted defendants' cross motion for summary judgment dismissing the complaint, unanimously

modified, on the law, to deny defendants' cross motion, and otherwise affirmed, without costs.

In dismissing plaintiff's complaint which seeks the return of possession and damages resulting from his wrongful eviction and repayment of alleged rent overcharges, the IAS court found that plaintiff had been evicted pursuant to lawfully issued process and that the claim for rent overcharges was premature because of a pending administrative proceeding.

However, unlike *Campbell v Maslin* (91 AD2d 559, *affd* 59 NY2d 722), relied upon by the court below, where the tenant defaulted in a nonpayment proceeding and never contested the issuance of the warrant of eviction, the parties here entered into several stipulations of settlement following the initial default judgment and plaintiff appealed the denial of his motion to vacate the warrant of eviction. While there was no stay of execution of the warrant in effect at the time of plaintiff's eviction on July 8, 1986, the Appellate Term's subsequent reversal and vacatur of said warrant, on December 23, 1986, restored the parties to the status quo ante *(Golde Clothes Shop v Loew's Buffalo Theatres,* 236 NY 465, 470-472).

Ordinarily, the vacatur of the judgment of eviction removes the lawful basis for a landlord's repossession *(see, Golde Clothes Shop v Loew's Buffalo Theatres, supra);* he is precluded from pleading reliance on a valid judgment of possession at the time of eviction *(Mon Amour Rest. v Helgeson,* 90 AD2d 742, 744), and the tenant is thereby entitled to be restored to the premises and to damages *(Maracina v Shirrmeister,* 105 AD2d 672, 673; *Dzubey v Teachers' Coll.,* 87 AD2d 783, 784). Here, however, the Appellate Term did not vacate the underlying default judgment, but merely vacated the warrant of eviction, finding that plaintiff had substantially complied with his obligations under the various stipulations. Under these circumstances and on the present sparse record, both cross motions for summary judgment should have been denied. Concur—Kupferman, J. P., Ross, Asch, Kassal and Rosenberger, JJ.