■ Donovan Leisure Newton & Irvine, Respondent, v Abraham Zion et al., Appellants.—Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered May 24, 1990, denying defendants' motion to vacate a default judgment in the amount of $105,135.93, in an action to recover legal fees, unanimously affirmed, with costs.

Plaintiff seeks legal fees earned in a 1986 Bronx County action, in successfully representing defendants against claims for damages and rescission of contract. This action was commenced in 1987, and defendants counterclaimed for breach of contract and legal malpractice, based upon plaintiff's failure to prevail on a counterclaim for legal fees against the adversary in the Bronx action. In October 1989, after more than two years of frustrated effort to depose the principal defendant, plaintiff moved for summary judgment, maintaining that defendants were judicially estopped from challenging the fees charged in the Bronx action, since they had recently referred to them as "fair and reasonable" in a related action in Nassau County. Defendants defaulted. Defendants' attorney, Kranis, acknowledging his oversight in never having been formally substituted for prior counsel, pleaded lack of notice because he had moved his offices (without notifying plaintiff) from Madison Avenue to Roslyn Heights, even though plaintiff's notices in 1989 had been sent to the Manhattan record address still reflected for Kranis in the current Martindale-Hubbell Law Directory and the New York Lawyers Diary and Manual. Kranis responded to the notice of settlement by advising plaintiff on the telephone that he believed defendants were now represented by Krantz, the in-house counsel who had formerly represented defendants in this case (as well as in the recent Nassau litigation). But Krantz had already notified plaintiff that he no longer represented defendants in the instant litigation. Only after plaintiff sought to execute on its default judgment by placing a lien on one of defendants' bank accounts did Kranis formally give way to present counsel, who moved to vacate the default.

The discretionary authority to excuse a default (CPLR 2005, 5015 [a]) was never intended by the Legislature to be routinely exercised in cases of studied evasion of the legal process (*Eveready Ins. Co. v Kremlin Devissiere*, 134 AD2d 323; *Mon Amour Rest. v Helgeson*, 90 AD2d 742, 744). Any confusion in representation was due to defendants.

Aside from the absence of a valid excuse for vacatur of the default, defendants have failed to demonstrate a meritorious defense. The rejection of defendants' counterclaim for legal

fees in the Bronx action does not provide the basis for a malpractice claim against plaintiff. Furthermore, defendants' recent statement in the Nassau litigation is so inconsistent with the position taken herein with regard to the legal fees charged in the Bronx action as to warrant estoppel of that claim here *(Houghton v Thomas,* 220 App Div 415, *affd* 248 NY 523), notwithstanding the fact that the Nassau action was resolved by settlement, rather than by judgment *(Matter of Martin v C. A. Prods. Co.,* 8 NY2d 226). Concur—Kupferman, J. P., Ross, Rosenberger, Asch and Wallach, JJ.