■ STEPHEN L. COHAN & ASSOCIATES ARCHITECTS, Appellant, v CASTLE VILLAGE OWNERS CORP., Respondent. [601 NYS2d 792] —Order, Supreme Court, New York County (Herman Cahn, J.), entered February 13, 1992, affirmed for the reasons stated by Cahn, J., with costs. Concur—Milonas, Kassal and Nardelli, JJ.

Carro, J. P., and Wallach, J., dissent in a memorandum by Wallach, J. We would reverse the order appealed from, which granted defendant's motion to vacate the default judgment. The alpha and omega for relief in this area of the law is the proffer of a reasonable excuse for the default and a meritorious defense (CPLR 5015 [a]; *Mon Amour Rest. v Helgeson,* 90 AD2d 742, 744; *Small v Applebaum,* 79 AD2d 572). In our view, defendant failed to establish either.

The excuse advanced here is that for a period of about six months following service of the one-page complaint, defendant's counsel, a substantial law firm, sought to set up a meeting to discuss settlement with plaintiff's counsel, but that this effort was supposedly frustrated by the firm's purported inability to make contact with a single member of defendant's board of directors. Unrebutted is the post-judgment averment of a board member of defendant corporation that this explanation is preposterous. In any event, the excuse is inadequate as a matter of law *(Leone v Vinet,* 80 AD2d 826). Furthermore, no stipulation in writing, as required by CPLR 2104, was ever asked for, much less executed, to extend defendant's time to answer, and a purported oral "understanding" to that effect is described only by way of innuendo and equivocation.

It is also apparent that no meritorious defense has been shown in this action by plaintiff-architect to recover a $29,000 balance of professional fees allegedly due. Over the course of two years, defendant received and paid $109,000 in fees without objection for extensive work to cure long-standing violations in a 50-year-old multiple dwelling. Defendant belatedly balked at payment of the balance claimed herein, asserting a condition precedent, namely, that payment of the balance was to be conditional upon the architect's obtaining a certificate of occupancy. However, the record is replete with written entrea-

ties from plaintiff to defendant seeking the latter's cooperation in furnishing necessary data and information required for the certificate, all of which defendant ignored. Thus, defendant wrongly seeks to take advantage of a situation which it has itself created, a posture obviously without legal merit *(Simon v Etgen,* 213 NY 589, 600). Significantly, plaintiff's billings were never contested by defendant prior to the commencement of litigation.

Defendant's purported counterclaim for return of the fees already paid is, in our view, palpably sham, but it is unnecessary to reach that issue. That claim could be pursued, if defendant is so advised, in a separate action.

Finally, we would note that it is not necessary for this Court to determine that the IAS Court abused its discretion in order to reverse its decision, a limitation that applies only to review by the Court of Appeals *(Fidelity & Deposit Co. v Andersen & Co.,* 60 NY2d 693). We need only substitute our own discretion in the matter *(cf., Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.,* 67 NY2d 138, 140), a course we should clearly adopt here not only in simple fairness, but in the interest of judicial economy.