OPINION OF THE COURT
Memorandum.
Final judgment unanimously reversed without costs and decision dated February 18, 2003 modified to provide only that tenant’s motion to stay the issuance and/or execution of the warrant based on her nonpayment of the October 2002 rent is denied.
In this holdover proceeding based on chronic nonpayment, a final judgment was entered on April 5, 2002 awarding landlord possession and the sum of $5,096.74, after tenant failed to make a payment due under a stipulation. Although denominated a “holdover” judgment, this judgment was treated by both the Housing Court and the parties as a nonpayment judgment, enforcement of which could be stayed by payment of the arrears, and this court will treat it as such as well. On July 5, 2002, landlord accepted a payment of $5,572 from tenant (including subsequent rents and a portion of the judgment), and it was stipulated that tenant would pay a balance of $1,738.11 by July 19, 2002 and would pay each month’s rent by the 10th of the month through January 2003. Tenant did not pay the $1,738.11 by July 19, 2002. Her subsequent application for an order to show cause was refused by the Housing Court but signed by this court pursuant to CPLR 5704 on August 19, 2002. The order to show cause contained a temporary stay conditioned upon tenant’s deposit of the $1,738.11 into court by August 28, 2002. Tenant timely made the required deposit but failed to appear on the return date of the order to show cause, August 29, 2002. Based on her nonappearance, her motion was denied by the Housing Court, and tenant was evicted on September 13, 2002. A motion by tenant to be restored to possession was denied by the Housing Court. By order dated October 17, 2002, this court reversed the Housing Court’s order and ordered tenant restored to possession on the ground that tenant’s timely deposit into court, as directed by the order of this court, together *27 with her previous payment of $5,572, constituted substantial compliance with the stipulation (see Lemish v East-West Renovating Co., 156 AD2d 313 [1989]; Malvin v Schwartz, 65 AD2d 769 [1978], affd 48 NY2d 693 [1979]).
As noted above, in addition to requiring the payment of $1,738.11, the parties’ stipulation of July 5, 2002 required that tenant pay rent no later than the 10th day of the month in each month from August 2002 through January 2003. It further provided that landlord would retain the warrant, which could be executed, upon a breach of this condition, after service of the marshal’s notice. By letter dated October 21, 2002, landlord’s attorney advised tenant that this court’s order of October 17, 2002 restoring tenant to possession did not vacate the stipulation of July 5, 2002 and that tenant currently owed September and October rent. (The September rent was in fact paid and is not in issue.) Tenant responded by applying to the Housing Court to, in effect, stay the issuance and/or execution of a warrant based on her nonpayment of the October 2002 rent. She argued that she should not be liable for the rent accruing in the period in which she was out of possession. Housing Court, ruling that the eviction was lawful and that tenant had disregarded her responsibility to pay rent on time and to appear in court in support of her orders to show cause, held that tenant was liable for the rent and, sua sponte, awarded landlord a nonpayment final judgment for the October rent in the sum of $737.79.
It was error for the court, upon tenant’s application, to enter a second final judgment in landlord’s favor. In this regard, it is noted that the proceeding had previously culminated in a final judgment, and that the stipulation provided only that, upon a default by tenant in paying the rent, the warrant could be executed, and not for the entry of a further judgment. Thus, if a ruling adverse to tenant were justified, the court should only have denied tenant’s application and allowed landlord to proceed with the issuance and/or execution of a warrant.
For the reasons stated by the court below, we agree with its determination insofar as it held tenant liable for the October rent. Accordingly, tenant’s motion should have been granted in the manner indicated above.
Pesce, P.J., Aronin and Patterson, JJ., concur.