Order, Supreme Court, New York County (Emily Jane Good *359 man, J.), entered October 3, 2007, which granted so much of the motion by defendants Zimmerman and Steven Cohn, EC. to dismiss the second cause of action but denied that portion seeking dismissal of the first cause of action, unanimously affirmed, without costs.
The amended complaint sets forth a cognizable cause of action under Civil Rights Law § 70. Defendants had commenced an action against plaintiff in the name of a corporation at the direction of defendant Hart, who was elected president of that corporation solely as the result of an arbitration award, enforcement of which had been stayed. During the pendency of that action, the Appellate Division, Second Department, vacated the order granting Hart’s motion to compel arbitration, finding he had waived his right to arbitration by commencing an action in court. Once the Second Department rendered its decision, the rights and duties of the parties were reestablished as if no order had been made (Golde Clothes Shops, Inc. v Loew’s Buffalo Theatres, Inc., 236 NY 465, 470 [1923]). Hart was thus no longer the elected president and lacked the authority to continue prosecuting the action. The allegation that Zimmerman and Steven Cohn, EC. proceeded with the action maliciously, without the consent of the corporation, states a cause of action under the statute.
As to the cause of action for libel, the statements were made in the course of judicial proceedings, were pertinent to that litigation, and thus were privileged (Sexter & Warmflash, P.C. v Margrabe, 38 AD3d 163, 172 [2007]). Concur—Tom, J.E, Saxe, Sweeny, Catterson and DeGrasse, JJ. [See 17 Mise 3d 972.]