**Osborn v Site 4 DSA Residential LLC**

2025 NY Slip Op 31641(U)

May 6, 2025

Supreme Court, New York County

Docket Number: Index No. 158501/2024

Judge: James d'Auguste

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

PRESENT:    **Hon. James E. d'Auguste**                    **PART 55**

                                    *Justice*

-------------------------------------------------------------------X

JEREMY OSBORN,

                        Plaintiff,

            - v -

SITE 4 DSA RESIDENTIAL LLC,

                        Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 158501/2024 |
| **MOTION DATE** | 03/13/2025 |
| **MOTION SEQ. NO.** | 007 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 007) 58, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83

were read on this motion to/for                    DECLARATORY JUDGMENT                    .

Plaintiff Jeremy Osborn's motion seeking a declaration that Housing Court judgments

(LT-313749-23/NY) are null and void is denied.  Defendant Site 4 DSA Residential LLC's

cross-motion seeking dismissal of the complaint is granted.

A discussion of the procedural history of this matter and governing law attributable to

this dispute was previously articulated by this Court in a decision and order, dated March 10,

2025 ("March 10th Order") (NYSCEF Doc. No. 54).  In the March 10th Order, this Court

declined to sign plaintiff's then-sixth application[1] seeking relief because it was an impermissible

collateral attack on the Housing Court judgments:

-----------------------------

[1] In the first order declining to sign petitioner's application for relief, the Court held as follows:

> The Court declines to sign the requested Order to Show Cause seeking relief from
> determinations made by a Housing Court Judge. Any application to set aside the warrant
> of eviction is required to be addressed to the Appellate Term, First Department. Plaintiff is
> aware of this avenue for seeking appellate relief as he already filed a notice of appeal to
> that Court. The undersigned, as a trial level jurist, is not permitted to sit in appellate review
> of a decision issued by another judge of coordinate jurisdiction.

(NYSCEF Doc. No. 14).  Plaintiff sought appellate relief from this determination (NYSCEF Doc.
No. 33), which was denied by the First Department (NYSCEF Doc. No. 34).

[* 1]

As an initial matter, the Court once again declines to sign plaintiff's application for an Order to Show Cause. As with his prior applications, the gravamen of plaintiff's application is that he was wrongfully evicted from the subject premises. His newest submission now includes a contractual challenge to his eviction. This new contractual argument is unavailing because the application is still an impermissible collateral attack on his eviction from the subject premises. As previously noted, plaintiff was evicted pursuant to judgments issued by the Housing Court. (see NYSCEF Doc. No. 44 in Site 4 DSA Residential LLC v Osborn, LT-313740-2023/NY). A tenant cannot assert a claim for wrongful eviction when he is evicted pursuant to a warrant issued by the Housing Court: "When an eviction is carried out in accordance with a duly issued warrant, a landlord is not liable to the tenant for any damage caused by the marshal" (*Campbell v. Maslin*, 91 A.D.2d 559, 559 [1st Dep't 1982], *aff'd* 59 N.Y.2d 772 [1983]). Thus, a tenant is required to obtain a vacatur of the judgment of possession to proceed with a wrongful eviction claim (*Lemish v. East-West Renovating Co.*, 156 A.D.2d 313 [1st Dep't 1989]). Having failed to successfully obtain appellate relief from the judgments entered by the Housing Court, plaintiff has no claim for wrongful eviction.

As such, it is not surprising that appellate courts have long determined that plaintiffs are not permitted to assert new legal arguments in subsequent litigation that could impair the judgments obtained in prior proceedings (*see Henry Modell & Co v Minister, Elders & Deacons of Ref. Pro, Church of the City of N.Y.*, 68 N.Y.2d 456, 462 [1986]). As the Hon. Jenny Rivera noted in a concurring opinion:

> This State has adopted the transactional analysis approach in deciding res judicata issues [so that] once a claim is brought to a conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy. *Paramount Pictures Corporation v. Allianz Risk Transfer AG*, 31 N.Y.3d 64, 83 [2018].

Put another way, plaintiff is not permitted to avoid the preclusive consequences of the Housing Court judgments "simply by crossing the street" and filing a new action in another court (*id.* at 84). As this is exactly what plaintiff is attempting to accomplish, any challenges to the validity of his eviction must be made in the Appellate Term, which is the court with appropriate jurisdiction to hear appeals from Housing Court determinations.

(*id.* at 3-4). The Court also noted, in response to a new argument advanced in the motion, that

the "no waiver" provision plaintiff relied upon did not provide him with an indefinite leasehold

(*id.* at 4-5, *citing, e.g., Tosi v. Yorkshire Towers GP Co., LLC*, 45 Mise.3d 135[A] [App. Term 1st

Dep't 2014]). Finally, the Court declined to grant an extension of the 120-day statutory deadline

158501/2024  OSBORN, JEREMY vs. SITE 4 DSA RESIDENTIAL LLC
Motion No. 007

Page 2 of 6

[* 2]

under CPLR 306-b for serving defendant, which had already expired on or about January 13, 2025 (*id.* at 5)

Despite the Court's earlier holdings (one of which plaintiff unsuccessfully sought appellate review) and a detailed explanation contained in the five-page March 10th Order, the plaintiff filed a then-seventh application premised upon the invalidity of the Housing Court judgments (NYSCEF Doc. Nos. 63, 65, 66). A notable difference in the procedural posture of the parties' dispute was that plaintiff had inexplicably withdrew his appeal of the Housing Court judgments (NYSCEF Doc. No. 59),[2] which effectively rendered the contested Housing Court judgments final and no longer reviewable, even by the Appellate Term, First Department. In a decision and order, dated March 24, 2024 (March 24th Order"), this Court declined to sign this application once again seeking relief premised upon his continued disagreement with the validity of the Housing Court judgments (NYSCEF Doc. No. 64). In doing so, the Court made the following observation:

> Plaintiff has filed multiple applications asserting a wrongful eviction from premises owned by defendant. All of plaintiff's applications have been denied as he is precluded from collaterally attacking the validity of his eviction as authorized by a Housing Court Judge. A challenge to the Housing Court judgments was required to made to the Appellate Term, First Department. Notably, plaintiff has apparently withdrawn his previously noticed appeal of the Housing Court judgments, which renders those judgments final as a matter of law. As plaintiff is not entitled to the relief sought in this application, the Court declines to sign plaintiff's proposed order to show cause.

(*id.*) (emphasis added).

---

[2] In plaintiff's memorandum of law submitted in support of Motion Seq. No. 006, he states: "Plaintiff has filed a notice of withdrawal of appeal with the Housing Court where the original notice of appeal was lodged, and has submitted a signed affirmation to this Court explicitly foregoing any Appellate Term review of the Housing Court judgment" (NYSCEF Doc. No. 63).

Prior to the issuance of the March 24th Order, plaintiff filed the instant motion seeking a declaration that the Housing Court judgments were void ab initio (NYSCEF Doc. No. 58). Plaintiff continued supplementing with multiple additional filings until shortly before the return date of his motion (NYSCEF Doc. Nos. 67-70). Two days after plaintiff's last supplemental submission, defendant filed its cross-motion and opposition to plaintiff's motion (NYSCEF Doc. Nos. 73-74). The Court issued an order adjourning the return date of the motion and cross-motion to provide deadlines for: (1) plaintiff to reply to defendants' opposition to his motion and oppose defendant's cross-motion and (2) defendant to reply to plaintiff's opposition to its cross-motion. The parties made their respective additional submissions as permitted by the Court (NYSCEF Doc. Nos. 78-83). This decision follows.

As an initial matter, it undisputed that plaintiff did not serve defendant within the time frame set forth in CPLR 306-b. Moreover, plaintiff's failure was a deliberate strategic decision. In correspondence e-filed on March 6, 2025, plaintiff stated the following:

> I do not intend to serve notice with summons until the voidness issue is addressed outside of an appellate process. However, I respectfully request that Your Honor at least sign the Order to Show Cause and permit a hearing on my request for relief based on the merits of my contractual claims, or, should it find a hearing unnecessary, rule on the matter on the papers.

(NYSCEF Doc. No. 51) (emphasis added). As plaintiff's failure to timely serve process was deliberate, the Court held in the March 10th Order: "As plaintiff has apparently made a strategic decision not to serve defendant with process, the Court declines to relieve him from the consequences of not timely serving defendant" (NYSCEF Doc. No. 54 at 5). While plaintiff eventually served process on March 10, 2025, an email thread plaintiff submitted shows that a process server was prepared to timely deliver the commencement papers to the New York Secretary of State in September 2024, but plaintiff did not proceed with service until the

statutory deadline had elapsed (NYSCEF Doc. No. 56).  Under the circumstances of this case, plaintiff has demonstrated neither good cause for his failure to timely serve process, nor that the interests of justice favor the granting of an extension of time (*see, e.g., Riccio v. Ghulam*, 29 A.D.3d 558 [2d Dep't 2006]).

In any event, an extension of time to serve process would be futile because plaintiff is not permitted to collaterally attack the Housing Court judgments in this proceeding.  As noted in the March 10th Order, "a tenant is required to obtain a vacatur of the judgment of possession to proceed with a wrongful eviction claim (*Lemish v. East-West Renovating Co.*, 156 A.D.2d 313 [1st Dep't 1989])" (NYSCEF Doc. No. 54 at 3-4).  The appellate court with the authority to review the propriety of Housing Court judgments at issue herein is the Appellate Term, First Department (22 N.Y.C.R.R. 640.1).  With the withdrawal of plaintiff's notice of appeal, the Housing Court judgments are now final, which precludes a challenge to their validity (*see Henry Modell & Co v Minister, Elders & Deacons of Ref. Pro, Church of the City of N.Y.*, 68 N.Y.2d 456, 462 [1986]).  None of the cases relied upon by plaintiff (*e.g., Kamp v Kamp*, 59 N.Y. 212 [1874]) support a different result.

Given plaintiff's persistence in pursing this litigation, the Court provides him the courtesy of a brief analysis of his underlying legal arguments.  If the Court had the ability to review the Housing Court judgments it would conclude none of plaintiff's arguments had any merit.  For instance, the "no waiver" provision contained in the parties' lease did not provide plaintiff with an indefinite leasehold.  Plaintiff understood this fact because his earlier renewal lease stated the following: "The new lease will commence on June 01, 2022 terminating on May 31, 2023" (NYSCEF Doc. 54, *citing*, NYSCEF Doc. No. 26 in *Site 4 DSA Residential LLC v Osborn*, LT-313740-2023/NY).  Further, RPL § 226-c, by its terms, only required defendant to

serve on plaintiff either a notice of non-renewal or offer tenant a renewal lease. Here, defendant offered plaintiff a renewal lease. Plaintiff failed to sign and return the renewal lease. In doing so, plaintiff allowed his leasehold to expire by its very terms. After the lease expired, defendant properly commenced a holdover proceeding against plaintiff. Thereafter, defendant evicted plaintiff after securing a judgment of possession and warrant of eviction issued by the Housing Court. By the time plaintiff vacated the subject apartment he also owed a substantial amount of unpaid use and occupancy to defendant, as evidenced by the $124,986.84 in money judgments entered at that time against him. Of course, the foregoing is academic once the Housing Court judgments became final when plaintiff declined to afford himself of his "as of right" appeal to the Appellate Term, First Department, which possesses an expertise in this area given its continuous review of Housing Court determinations.

Accordingly, it is hereby ordered that the motion is denied, and the cross-motion is granted. The Clerk is directed to enter judgment dismissing this action with prejudice.

This constitutes the decision and order of the Court.

| 5/6/2025 | | | | | | |
|---|---|---|---|---|---|---|
| DATE | | | | James d'Auguste, J.S.C. | | |
| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | | GRANTED IN PART | X OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

158501/2024   OSBORN, JEREMY vs. SITE 4 DSA RESIDENTIAL LLC
Motion No. 007

Page 6 of 6