■   In the Matter of the Arbitration between UNICON MANAGEMENT CORP., Appellant, and PAVCRETE CONSTRUCTION CORPORATION, Respondent.— Order, entered on April 6, 1965, denying petitioner's motion under CPLR 7503 (subd. [b]) to enjoin arbitration permanently or alternatively to stay arbitration pending conclusion of a United States District Court action, which order stayed respondent Pavcrete from proceeding in the United States District Court until completion of arbitration, unanimously affirmed, with $30 costs and disbursements to respondent-respondent.   By commencing a Miller Act action in the United States District Court for the Northern District of Ohio, after commencing arbitration, Pavcrete may well have waived its contract right to have the very issues raised in that action determined by arbitration (see *Matter of Ladin* [*D. & C. Textile*], 20 A D 2d 8, 9, affd. 14 N Y 2d 781). Moreover, Unicon's conduct in inviting Pavcrete to use the discovery procedures available in the Federal court may constitute an acceptance of Pavcrete's implied offer to litigate instead of arbitrate (cf. *Matter of Zimmerman* v. *Cohen*, 236 N. Y. 15, 19).   Unicon, did, however, participate in the arbitration, even subsequent to Pavcrete's commencement of the Federal court action, when it wrote a letter to the arbitrator, asserting the irrelevancy of certain material sought by Pavcrete, and contesting the arbitrator's right to issue a subpœna therefor.   Such participation in the arbitration, with knowledge of the pending Federal action, disqualified Unicon from seeking a stay of arbitration (CPLR 7503, subd. [b]).   The propriety of the stay of the Federal court proceedings, although doubtful, was not briefed on appeal (see, generally, 14 Am. Jur., Courts, §§ 258, 259; 28 Am. Jur., Injunctions, § 209).   The parties may at any time choose to dissolve the stay by stipulation or by application to Special Term.   Concur — Breitel, J. P., Rabin, Valente, McNally and Stevens, JJ.

■   PHILIP BACK, Appellant, v. AUBREY B. STERN et al., Individually and Doing Business as AUBREY B. STERN & Co., Respondents.— Order, entered on August 18, 1964, granting defendant's motion to vacate and set aside the judgment and to open the defendant's default, unanimously reversed, on the law, the facts, and in the exercise of discretion, with $30 costs and disbursements to appellant and the motion denied.   The defendants have failed to demonstrate the existence of any of the elements which could justify a vacatur of the judgment and an opening of their default.   There is no showing of any adequate excuse for the default — to the contrary it appears to have been a deliberate one; no demonstration was made of a meritorious defense; nor was a proposed answer served with the papers.   Such defects mandate a denial of the motion (*Levine* v. *Fal-Bar Argentenian Corner Restaurant*, 18 A D 2d 611).   In addition, it is not without significance that defendants waited for six months subsequent to the entry of the default judgment before taking steps to obtain its vacatur.   Concur — Breitel, J. P., Rabin, Valente, McNally and Stevens, JJ.

■   JOHN P. FEELEY, Appellant, v. KENNETH R. HERMAN et al., Respondents.— Order, entered October 27, 1964, granting defendant, Sperry Rand Corporation's motion to vacate plaintiff's notice of examination and denying the cross motion for a limited examination, unanimously affirmed, without costs or disbursements, on the ground that plaintiff should have raised his right to procure an examination by taking an appeal from the prior order denying such examination.   Concur — Breitel, J. P., Rabin, Valente, McNally and Stevens, JJ.