CARMEL ASSOCIATES, INC., Appellant, *v.* TURNER CONSTRUCTION Co., Respondent.

First Department, October 22, 1970.

*Martin S. Rothman* of counsel (*Weiss, Molod & Berkowitz*, attorneys), for appellant.

*John Nielsen* of counsel (*Craig & Geen*, attorneys), for respondent.

NUNEZ, J.   The defendant was the general contractor for the construction of a large office building in Manhattan.   It engaged Slattery Contracting Company as subcontractor to perform the blasting and excavation work for the building's foundation. Plaintiff brought this action for damages to his property due to alleged negligence of the defendant in the blasting operations. Under its contract with Slattery the defendant reserved the right and undertook to co-ordinate the subcontractors' work and to see that the subcontractors performed their duties and that the work was done by them according to the plans and specifications.

At the time of trial of this case the rule of absolute liability for blasting was not the law of New York.   Since then, however, the Court of Appeals in *Spano* v. *Perini Corp.* (25 N Y 2d 11) has held that one who engages in blasting is liable without fault for any injury to neighboring property.   Prior to *Spano* it was clear that in New York blasting operations were not considered inherently dangerous.   (See 28 N. Y. Jur., Independent Contractors, § 25, citing *Berg* v. *Parsons,* 156 N. Y. 109; *Herrington* v. *Lansingburgh,* 110 N. Y. 145 and *French* v. *Vix,* 2 Misc. 312.) The pre-*Spano* rule was that the party who engaged an independent contractor to do the work was not liable for the latter's negligence in performance except if he interfered with the contractor's work or directed the work, or if the work was inherently dangerous.   (See *Horn* v. *State of New York,* 31 A D 2d 364, 366; *Berg* v. *Parsons, supra,* p. 112.)

Inherently dangerous work has been defined as " work necessarily attended with danger, no matter how skillfully or carefully it is performed ".   (*Janice* v. *State of New York,* 201 Misc. 915, 920.)   In *Spano,* the court stated (p 18): " Since blasting involves a substantial risk of harm no matter the degree of care

exercised, we perceive no reason for ever permitting a person who engages in such an activity to impose this risk upon nearby persons or property without assuming responsibility therefor.''

Professor Prosser in his third edition on Torts, at page 484 states that blasting is an inherently dangerous activity and cites many cases outside of this jurisdiction so holding. The Restatement of Torts (§ 520, subd. c) defines blasting as follows: '' Blasting is ultrahazardous because high explosives are used and it is impossible to predict with certainty the extent or severity of its consequences.''

For the foregoing reasons we hold that the defendant general contractor was under a nondelegable duty to prevent damages from Slattery's blasting activities and hence liable for damages to the plaintiff's property resulting from blasting operations.

We decide this case, as it must be decided (see e.g. *Balassa* v. *Benteler-Werke, A. G.,* 23 A D 2d 664; *Strauss* v. *University of State of N. Y.,* 2 N Y 2d 464, 467 and cases cited; *Gallewski* v. *Hentz & Co.,* 301 N. Y. 164, 172) on the basis of the law as it exists today.

Judgment entered December 12, 1968 dismissing the complaint at the end of plaintiff's case should be reversed on the law, without costs or disbursements, and case remanded for a new trial.

EAGER, J. P., CAPOZZOLI and STEUER, JJ., concur.

Judgment entered on December 12, 1968, unanimously reversed, on the law, without costs and without disbursements, and the case remanded for a new trial.