■ 3 E. 52ND ST. CORP. et al., Respondents v. URIS FIFTH AVENUE CORPORATION, Defendant-Appellant and Third-Party Plaintiff. ANTHONY MURATORE CONTRACTING CO., INC., Third-Party Defendant.— Order, Supreme Court, New York County entered October 28, 1971, granting plaintiffs' motion for summary judgment and directing an assessment of damages is reversed, on the law, and the motion denied. Appellant shall recover of respondents $50 costs and disbursements of this appeal. While Special Term was correct in holding that defendant is absolutely liable for any damages incurred by plaintiffs caused by the blasting operations (*Spano* v. *Perini Corp.*, 25 N Y 2d 11) although such were conducted by an independent contractor engaged by defendant (*McDonald* v. *Shell Oil Co.*, 20 N Y 2d 160), nevertheless, summary judgment should have been denied. On the record herein it cannot be said as a matter of law that the damages complained of were caused by the blasting operations. Although *Spano* v. *Perini Corp.* (*supra*) "imposes absolute liability in a blasting case [it] does not dispense with proof of causation." (*35 Estates* v. *Central Park Garden* 35 A D 2d 915.) Moreover, summary judgment is an inappropriate remedy in the circumstances of this case. An assessment must be held in any event and at the assessment, the amount of damages as well as causation must be proven. Thus, the evidence required on an assessment would be identical with the proof necessary at a plenary hearing and hence, no purpose is served in granting summary judgment. (See *Security-Columbia Banknote Co.* v. *Multivisions Corps.* 38 A D 2d 899; *Hastings* v. *C. B. Richard, Ellis & Co.*, 36 A D 2d 695; *35 Estates Inc.* v. *Central Park Garden supra; Youssoupoff* v. *Columbia Broadcasting System*, 19 A D 2d 865, 866.) Concur — Murphy, Steuer and Tilzer, JJ.; Kupferman, J. P., and McNally, J., dissent in the following memorandum by McNally, J.: I dissent and vote to affirm. The sole issue before the court below was the applicability of the rule in *Spano* v. *Perini Corp.*, (25 N Y 2d 11). Negligence can properly be inferred from the fact the blasting caused excessive damage even where the plaintiff is unable to show the method of blasting or the

strength of the charges or the character of the soil or rock. (*Schlansky* v. *Augustus V. Riegel, Inc.*, 9 N Y 2d 493, 497.) Plaintiff's building adjoins the lot excavated by defendant's contractor by means of extensive blasting. Defendant was fully informed of plaintiff's damage claims and had full opportunity to verify them. The opposing affidavits do not present any issue as to causal relation between the blasting and the claimed damage; they are limited to the denial of the blasting operations on the part of the defendant, which does not alter its liability in the light of its admission that the blasting, an inherently dangerous activity, was subcontracted by it to the third-party defendant. Where damage is demonstrated and the sole issue is the extent and amount thereof, plaintiff is entitled to summary judgment and an assessment of damages. (CPLR 3212, subd. [c].) Our holding in *35 Estates* v. *Central Park Garden* (35 A D 2d 915) is not to the contrary. There the defendant denied knowledge of the condition before the blasting and its causal relation to the alleged damage. Here the opposing affidavits raise no issue as to causation of damage, and the sole issue is as to its extent. Further, the denial of summary judgment because of the interposition of a dilatory and meritless defense serves to deprive plaintiff of the right to an immediate assessment of damages.