■ GILBERT W. KLIMAN, Appellant, v HUTCHINSON ASSOCIATES, Respondent, et al., Defendants. — In an action sounding in negligence and strict liability in tort to recover for property damage due to blasting, plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Coppola, J.), entered January 22, 1982, as denied that branch of his motion which sought leave to enter a default judgment against defendant Hutchinson Associates also known as Hutchinson Park Development Corporation, upon its failure to appear and answer. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and that branch of plaintiff's motion seeking leave to enter a default judgment against defendant Hutchinson Associates also known as Hutchinson Park Development Corporation is granted. It was only after plaintiff moved, *inter alia,* for leave to enter a default judgment

against it, that respondent Hutchinson Associates served a notice of appearance and an answer, some 13 months after service upon it of the plaintiff's summons and complaint. Respondent offers, as an excuse for its delay, the failure of its insurance broker to report the claim to its insurer. This error was allegedly due to the fact that respondent and the defendant Sperry Construction Corporation were insured by the same company and the broker mistakenly forwarded the summons and complaint which had been served on respondent to the insurer under the Sperry policy number. This is akin to law office failure and is, as a matter of law, insufficient to excuse a default (*Eaton v Equitable Life Assur. Soc. of U. S.*, 56 NY2d 900; *Barasch v Micucci*, 49 NY2d 594; *Bruno v Village of Port Chester*, 77 AD2d 580, app dsmd 51 NY2d 769; cf. *Fischer v Town of Clarkstown*, 86 AD2d 650). The case of *Swidler v World-Wide Volkswagen Corp.* (85 AD2d 239) is inapplicable. Contrary to the facts therein, here respondent's insurance carrier clearly received the summons and complaint, albeit under the Sperry policy number. Moreover, respondent has failed to show that it acted "properly and diligently in the circumstances" (*Swidler v World-Wide Volkswagen Corp., supra,* p 243), waiting approximately six weeks to serve its answer after learning of the default. In any event, respondent has not demonstrated that it has a meritorious defense to plaintiff's claim. Respondent proffers, as a meritorious defense, the allegation that it had no control over the contractors engaged in the blasting, and that it was merely the owner of the property on which the blasting operations occurred. However, this defense is without legal merit since respondent remains strictly liable for the blasting (*Spano v Perini Corp.*, 25 NY2d 11; *3 E. 52nd St. Corp. v Uris Fifth Ave. Corp.*, 38 AD2d 917; *Carmel Assoc. v Turner Constr. Co.*, 35 AD2d 157). Mangano, J. P., Weinstein, Brown and Niehoff, JJ., concur.