OPINION OF THE COURT
Daniel F. Luciano, J.
Motion by the plaintiff for a default judgment is granted with respect to the claims for money damages.
In this action to recover damages arising from the alleged unlawful detention of the plaintiff’s boat and for damages to the boat, the plaintiff has moved for an order granting a default judgment based upon the defendants’ failure to serve an answer to the complaint.
The defendants oppose the motion contending that they are not in default. To support their claim the defendants refer to an earlier motion in this action which resulted in an order issued by Honorable John P. Cohalan, Jr., on November 3, 1982.
By that motion the plaintiff had moved for an order directing the defendant to surrender the plaintiff’s boat to the plaintiff upon the posting of a cash bond. In papers opposing the motion the defendant raised, inter alia, the question of whether the court had jurisdiction to grant the *502 relief requested by the plaintiff upon the ground that Federal law pre-empted the field of foreclosure of a maritime lien.
Mr. Justice Cohalan considered and discussed the jurisdictional issue raised by the defendants. He found that the court was not without jurisdiction. Notwithstanding that determination, however, the order denied the plaintiff’s motion, but granted him leave to proceed pursuant to CPLR article 71 (recovery of a chattel).
The defendants argue that since they have not been served with notice of entry of that prior order the time to serve their answer to the complaint has not yet expired. In support of their position the defendants cite CPLR 3211 (subd [f]). This rule, provides: “Service of a notice of motion under subdivision (a) or (b) before service of a pleading responsive to the cause of action or defense sought to be dismissed extends the time to serve the pleading until ten days after service of notice of entry of the order.”
It is submitted by the defendants that their opposition to the plaintiff’s prior motion was in the nature of a cross motion raising a CPLR 3211 issue and that in his order Mr. Justice C oh alan treated, the matter as such.
The plaintiff contends that an affirmation is not, and cannot be converted into a cross motion by the defendants. Further, the plaintiff notes that the defendants’ affirmation in opposition addressed itself only to the court’s jurisdiction to grant the temporary relief sought by the plaintiff in the motion and not to the court’s jurisdiction to grant judgment on the cause of action asserted in the complaint.
It is the plaintiff’s position that the defendants are in default in answering and that they have defaulted despite the plaintiff’s prior reminder to defense counsel that service of an answer to the complaint was required.
Considering the plaintiff’s arguments the court finds that while a notice of motion is generally required on a cross motion, an opposing affidavit can at times be treated as a cross motion. (Plateis v Flax, 54 AD2d 813.) However, even though that rule may apply in certain cases, it is not applicable here. As correctly noted by the plaintiff, the jurisdictional question raised by the defendant in response *503 to the plaintiff’s prior motion was not addressed to the jurisdiction of the court for the matter pleaded in the complaint.
Indeed, reference to paragraph 2 of the defendants’ affirmation in opposition to the prior motion establishes the issue raised by the defendants. Paragraph 2 states: “The question of whether or not the Court has jurisdiction to authorize the posting of a cash bond in lieu of possession of the vessel as security for collection of the monies claimed by Defendants must be evaluated independent of the merits of the respective parties in the action in chief.” (Emphasis added.)
The defendant cannot retrospectively convert this affirmation, which was submitted in opposition to a specific request for relief in a prior motion, to a motion pursuant to CPLR 3211.
Since this prior motion was not a motion pursuant to CPLR 3211, and since there was not a timely answer to the complaint the court is constrained to conclude that the defendants are in default in answering.
The papers submitted in opposition to the current motion for a default judgment include a verified answer and counterclaim. The court has considered whether defense counsel’s belief that the time to answer the complaint had not expired, along with the factual allegations in the verified answer and counterclaim are sufficient to establish excusable default and a meritorious defense, thereby justifying an order which would permit service of the responsive pleading and warranting denial of this motion for a default judgment. (See CPLR 5015, subd [a], par 1.)
If sufficient, a verified pleading may serve as an affidavit. (CPLR 105, subd [s].) However, a review of the verified answer and counterclaim establishes the following inadequacies in the pleading as the requisite affidavit of merits. First, the answer is verified by defense counsel and not an individual with personal knowledge of the facts. The general denials of paragraph first are insufficient to serve as the necessary allegations. (Cf. Bethlehem Steel Corp. v Solow, 51 NY2d 870 [verified answer which did not set forth evidentiary facts was insufficient to defeat summary *504 judgment].) Finally, neither the affirmative defenses nor the counterclaim specifically address all the allegations of the verified complaint such as those contained in paragraph ninth of the complaint, e.g., the plaintiff was charged for engine mounts which he had not ordered and the engines upon which the defendants had worked leaked oil.
Because the court finds that there is no adequate affidavit of merits it need not now address the question of whether excusable default has been established.
The plaintiff’s motion for a default judgment is granted, but only with respect to the claim for money damages. Based upon the prior order of Honorable John P. Cohalan, Jr., and the representation in the plaintiff’s attorney’s affirmation supporting default judgment, the claim for the return of the boat shall be resolved in a separate replevin action currently proceeding.
After the filing of a note of issue and statement of readiness, and the payment of the appropriate court fees, the matter shall be set down for inquest on a date to be set by the clerk, after receipt of the above-mentioned papers.