OPINION OF THE COURT
Daniel F. Luciano, J.
Motion by the defendants for an order vacating a default is granted upon the condition that defense counsel pay to *1014 the plaintiff $250 within 30 days after service of a copy of this order together with notice of entry upon the attorney for the plaintiff.
Upon compliance with this condition the defendants’ verified answer and counterclaim, which is included among the moving papers, shall be deemed served.
In an order dated March 14,1983 (118 Misc 2d 501), this court granted the plaintiff’s motion which sought a default judgment, “with respect to the claims for money damages” (p 504). Moving by order to show cause the defendants now seek an order vacating their default in serving a timely answer to the complaint.
Upon granting that prior order this court specifically indicated that it had considered whether the papers in opposition to the plaintiff’s motion were “sufficient to establish excusable default and a meritorious defense, thereby justifying an order which would permit service of the responsive pleading and warranting denial of [the] motion for a default judgment.” (118 Misc 2d, at p 503.) The court found that an adequate affidavit of merits had not been submitted and due to that insufficiency it was unnecessary to “address the question of whether excusable default has been established.” (118 Misc 2d, at p 504.)
The defendants have now supplied an adequate affidavit of merits and seek an order vacating the default.
Counsel for the plaintiff, upon whom the pending order to show cause was served, has raised several objections in opposition to the defendants’ application.
First, although the original, filed copy of the order to show cause reflects that October 19, 1983 is the return date, the conformed copy served upon counsel for the plaintiff reflected September 19, 1983 as the return date; the order to show cause was not served until October 6, 1983.
Under the circumstances this irregularity should be forgiven. The correct return date was subsequently ascertained and the plaintiff’s attorney not only served an affirmation in opposition to the order to show cause but he has served a subsequent affirmation in response to the *1015 defendants’ reply as well.* Since there has been a full opportunity to respond to the motion, and because the plaintiff’s attorney has taken advantage of the said opportunity, the irregularity may be disregarded. (See CPLR 2001; cf. Todd v Gull Contr. Co., 22 AD2d 904 [defect in service waived by opposition to the application on the merits].)
The plaintiff’s attorney has also characterized as irregular “the fact that [the order to show cause] was signed by the very same Judge who very astutely and directly rejected the very same argumentation six months ago by a short form order”.
The court cannot agree that submission of the order to show cause to the undersigned was improper. The prior application was a motion by the plaintiff for a default judgment. The defendants contended that they were not in default. After concluding that the defendants were indeed in default this court, sua sponte, reviewed the papers submitted in order to determine if it could vacate the default. The present motion, it is true, is not a motion to directly reargue or renew the motion previously put before the court by the parties. It is, however, closely related and of a similar nature. There is authority indicating that when seeking to reargue the proper procedure is to submit to the Judge who decided the original motion an affidavit setting forth the ground for reargument, together with a request for an order to show cause. The Judge may then determine in the first instance whether there is a basis for reargument. (E.g., American Trading Co. v Fish, 87 Misc 2d 193.) Accordingly, it must be concluded that there was no impropriety with respect to the submission of the order to show cause to the undersigned.
The plaintiff’s attorney also contends that it was “irregular” that the order to show cause was served upon him rather than the plaintiff personally. In his second affirmation he states that he was retained by the plaintiff only to obtain the return of the plaintiff’s boat and that since that task has been accomplished the papers relating to the present application should not have been served upon him.
*1016 Again, the court cannot agree that there has been any impropriety. Although the court is empowered to order otherwise, ordinarily, service of papers in a pending matter upon a party’s attorney is appropriate. (CPLR 2103, subd [b].) Here neither the plaintiff nor his attorney provided notice that counsel for the plaintiff was no longer acting as attorney (see CPLR 321, subd [b]) and service upon him is therefore proper service upon his client. (See Hendry v Hilton, 283 App Div 168; Langrick v Rowe, 32 NYS2d 328, 336-337, affd 265 App Div 793, affd 291 NY 756.)
The papers in opposition to this motion also raise the question of whether the current application is an untimely motion to reargue. Thus, it must be determined if the present application is a motion to reargue.
As noted above, the previous motion, strictly speaking, did not seek vacatur of a default since it had been argued that there was no default in the first instance. Nevertheless, since the current motion seeks to add new proof with respect to the matter previously considered by the court it is in the nature of a motion to renew and might be so deemed. (See Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2221:9, p 161; 2 Carmody-Wait 2d, NY Prac, §§ 8:73-8:80.) As a reasonable excuse for the failure to provide the newly stated facts upon the prior motion it is sufficient that the defendants did not at that time believe themselves to be in default and thus, would not necessarily submit papers required for an application seeking vacatur of a default. In any event, it is clear that this is not simply a motion to reargue.
Accordingly, since the court concludes that this application is not a motion to reargue, but rather, that it is in the nature of a motion to renew, the motion is not subject to the time restrictions which apply to motions to reargue. (Siegel, NY Prac, § 254.)
Whether this application, however, should be deemed strictly a motion to renew or, rather, an initial motion to vacate a default is not of great significance since in either case the court must next determine whether the motion should be granted and in so doing it must take account of the same factors, particularly the timing of the motion and its substantive merit.
*1017 As noted, the order which granted the plaintiff a default judgment was issued on March 14,1983. The present order to show cause was submitted for signature on October 9, 1983. No explanation for this delay of almost seven months in seeking relief from the order granting the default is offered.
Such delay must be considered. In Back v Stern (23 AD2d 837) and Altman v Stickman (31 AD2d 741) the courts found delays of “six months” (p 837) and “over a year” (p 742), respectively, in making a motion to vacate a default to be “not without significance”. (31 AD2d 741, 742, supra; see, also, e.g., Old Colony Furniture Co. v Fiegoli, 97 AD2d 790; Lincoln First Bank-Cent. v Bombard Chevrolet, 55 AD2d 1048.) Acknowledging that the delay in making the motion in this case is not without significance, the court nevertheless cannot conclude that such delay is the controlling factor where there is an adequate showing of an excuse for the default and an adequate affidavit of merits. Moreover, it may be noted that despite the direction in the March 14, 1983 order that the plaintiff was entitled to an inquest to fix his damages, no inquest has been conducted; no prejudice to the plaintiff has been demonstrated.
Since there has now been submitted an affidavit of merits, and a demonstration of an excuse for the default (counsel’s error may be deemed law office failure and as such may be deemed a sufficient excuse pursuant to CPLR 5015, subd [a], par 1; see CPLR 2005), an order vacating the default is warranted. However, such vacatur shall be conditioned upon payment by defense counsel to the plaintiff the sum of $250. (See, e.g., Muney Design v Roscoe Mgt. Co., 97 AD2d 712; Kahn v Stamp, 52 AD2d 748.)

 Although this second affirmation contains no affidavit of service defense counsel has acknowledged receipt of this affirmation.