■ EVEREADY INSURANCE COMPANY, Respondent, v KREMLIN DEVISSIERE et al., Respondents, and NORTH RIVER INSURANCE COMPANY, Appellant.—In a proceeding to stay arbitration of an uninsured motorist claim, the appeal is from an order of the Supreme Court, Kings County (Held, J.), dated June 20, 1986, which denied the appellant's motion to open its default and to vacate a prior judgment of the same court, dated June 24, 1985, which, *inter alia,* granted the application for a stay upon default of the appellant and the claimant and declared that a policy of insurance issued by North River Insurance Company to Leroy Diaz was in full force and effect on July 5, 1981, the date of the accident.

Ordered that the order is affirmed, with one bill of costs payable by the appellant to the petitioner Eveready Insurance Company.

The appellant contended that its failure to appear at an evidentiary hearing on the petition to stay arbitration of an uninsured motorist claim was attributable to the misplacement of the file during the reorganization of its claims department. The excuse proffered for its default in appearing, after a vice-president had been personally served with process, is akin to law office failure *(see, Klein v Actors & Directors Lab,* 95 AD2d 757, *lv dismissed* 60 NY2d 559; *Bruno v Village of Port Chester,* 77 AD2d 580; *Migliaccio v Phoenix Ins. Co.,* 91 AD2d 821). Although CPLR 2005 and 3012(d) empower the court to exercise discretion in determining motions to vacate a default emanating from law office failure, the legislation did not intend to sanction the routine vacatur of such defaults *(Montalvo v Nel Taxi Corp.,* 114 AD2d 494, *lv denied* 68 NY2d 643, *lv dismissed* 68 NY2d 643; *La Buda v Brookhaven Mem. Hosp. Med. Center,* 98 AD2d 711, *affd* 62 NY2d 1014; *De Vito v Marine Midland Bank,* 100 AD2d 530). Here, the appellant, upon discovering the judgment staying arbitration upon its default, delayed over 11 months before taking any step to be relieved of that default. No reasonable explanation was given for such inordinate delay. Although CPLR 5015 permits a party to move to set aside a judgment upon the ground of excusable default within one year after service upon the moving party of a copy of the judgment with notice of entry, an inordinate delay in seeking such relief upon discovery of one's default, for which no reasonable explanation is given, evidences a pattern of inexcusable neglect *(see, Back v Stern,* 23 AD2d 837; *Lind v Port of N. Y. Auth.,* 28 AD2d 984, *appeal dismissed* 20 NY2d 948; *Midnight Ears v Clear-Vu Packaging,* 81 AD2d 907; *Justus v Justus,* 92 AD2d 858; *cf., Silverstein v*

*Hobbyland Mar.,* 122 Misc 2d 1013). Under the circumstances, the movant was not entitled to a vacatur of its default, regardless of the meritorious nature of its defense *(see, Montalvo v Nel Taxi Corp., supra; cf., Matter of Prudential Prop. & Cas. Ins. Co. v Rothman,* 116 AD2d 652). Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.