DAVID M. GUIDO et al., Plaintiffs, v NEW YORK TELEPHONE COMPANY et al., Respondents, and JOHN BOYLE DRILLING AND BLASTING COMPANY, Appellant.

Third Department, February 23, 1989

**APPEARANCES OF COUNSEL**

*Ryan, Dall Vechia, Roach & Ryan, P. C. (Ward W. Ingalsbe, III,* of counsel), for appellant.

*H. Clark Bell* for New York Telephone Company, respondent.

*Cook, Tucker, Netter & Cloonan, P. C. (Willian N. Cloonan* of counsel), for Briggs Construction Company, respondent.

## OPINION OF THE COURT

YESAWICH, JR., J.

Plaintiffs entered into a contract with defendant New York Telephone Company (hereinafter NYTel) pursuant to which NYTel agreed to install underground telephone and electrical service to their property. NYTel retained defendant William R. Briggs Construction Company (hereinafter Briggs) as the general contractor for the project. Briggs in turn engaged defendant John Boyle Drilling and Blasting Company (hereinafter Boyle) to provide a trench for the utility pipe. Plaintiffs allegedly suffered property and consequential business damages as a result of blasting performed by Boyle, prompting the instant action.

Unlike NYTel and Boyle, Briggs failed to interpose a timely answer whereupon a default judgment in favor of plaintiffs was entered against it and the action was severed with leave to plaintiffs to proceed against NYTel and Boyle. Briggs' subsequent attempt to vacate the default judgment was denied for lack of a meritorious defense (133 AD2d 1005, 1006). Briggs then moved for summary judgment on its cross claim against Boyle, relying on the theory that Boyle was absolutely liable because blasting is an inherently dangerous activity (see, Nagy v State of New York, 89 AD2d 199, 200, citing Spano v Perini Corp., 25 NY2d 11). NYTel cross-moved for similar relief against both Boyle and Briggs. Supreme Court, deeming the issues raised to have been settled in Briggs' application to vacate its default, granted both motions. Boyle appeals; we affirm.

■ Initially Boyle argues that Briggs was severed from this action when the default judgment against Briggs was obtained and since Briggs has not commenced a separate action against Boyle the former lacks standing to even apply for summary judgment. Although Supreme Court's order purports to sever the action insofar as it is directed at Briggs, subsequent decisions of that court, as well as this court, continued to treat Briggs as a party to the action. Even if this were not the case and the order to sever was meticulously adhered to, Briggs nonetheless would have standing, for its cross claim, liberally construed, can be viewed as a third-party complaint (see, CPLR 3026; Diemer v Diemer, 8 NY2d 206, 212; Bollinger v Borden, 30 AD2d 607).

■ As to the merits, Boyle maintains that the principle of strict liability for blasting protects only the owners of neigh-

boring property *(see, Spano v Perini Corp., supra,* at 15), not those who, like plaintiffs, presumably implicitly consented to the blasting and would themselves have been vicariously liable for any injury caused to neighboring property or innocent bystanders *(see, Kliman v Hutchinson Assocs.,* 91 AD2d 626, 627, *appeal dismissed* 60 NY2d 585), and further that plaintiffs had assumed the risk of harm *(see,* Restatement [Second] of Torts § 523 [1977]). Briggs contends that inasmuch as these are substantially the same arguments it advanced in its unsuccessful attempt to vacate its default, this court is barred from entertaining them by the doctrine of law of the case. But since Boyle received no notice of the default application as required by CPLR 3215 (f) (1) *(see, Rivera v Laporte,* 120 Misc 2d 733, 737), and was not afforded an opportunity to litigate these points, it is not precluded by reason of law of the case or, for that matter, collateral estoppel doctrines *(see,* Siegel, NY Prac § 458, at 605).

■ Boyle's premise that plaintiffs have no right to recover because they are vicariously liable is a variation on the negligence doctrine of imputed contributory negligence *(see generally,* Prosser and Keeton, Torts § 69, at 499 [5th ed]), which due to the adoption of comparative negligence has diminished vitality in New York *(see,* CPLR 1411). In the case of strict liability torts, as in the instance of blasting, a risk allocation policy has emerged which recognizes that vicarious liability may be imposed in the form of a nondelegable duty *(see generally,* Prosser and Keeton, Torts § 71, at 511-512 [5th ed]) upon all those engaged in the work of blasting, including the general contractor *(see,* 59 NY Jur 2d, Explosives and Fires, § 31, at 134). On the other hand, no cogent reason has been brought to our attention why landowners and employers of independent contractors who do not exercise control or supervision over the blasting operation, though jointly liable for injury to innocent third parties, should have any less right to recover for harm they suffered at the hands of the actual tort-feasors than neighboring property owners. There being no suggestion in the record that plaintiffs did anything more than order the installation of underground utility service from NYTel, and that they were other than unaware of the fact that such an undertaking required blasting on their land, elementary fairness dictates that the innocent plaintiffs' claim should not be interdicted.

■ As for assumption of the risk, that bars an action, even in strict liability, only where the risk assumed is express

*(Arbegast v Board of Educ.,* 65 NY2d 161, 170), which is not alleged here. And implied assumption of risk is relevant only to diminution of plaintiffs' damages *(see, supra).* Moreover, it should be noted that since risk assumption is an affirmative defense (CPLR 1412), Briggs will be precluded from relying upon implied assumption of the risk as an offset in any proceeding to determine damages.

■ Finally, Boyle maintains that because the issue of proximate cause has not been determined, summary judgment is inappropriate *(see, 3 E. 52nd St. Corp. v Uris Fifth Ave. Corp.,* 38 AD2d 917). But under the "comparative causation principle enacted by CPLR 1411", which applies to strict liability actions *(Arbegast v Board of Educ., supra,* at 164), "proximate * * * cause * * * may be susceptible to proportionate division" (Prosser and Keeton, Torts § 67, at 474 [5th ed]) and that division in the case at hand can be considered in the context of damages rather than liability. That damage was in fact caused by the blasting was established by the unchallenged concession of Boyle's employee, John Boyle, that a different blasting method, discussed with Briggs, would have prevented certain of the damage alleged to have occurred. All that remains to be determined then is the extent of that damage and each defendant's share thereof; accordingly Supreme Court properly granted summary judgment on the issue of Boyle's liability.

KANE, J. P., MIKOLL, MERCURE and HARVEY, JJ., concur.

Order affirmed, with one bill of costs.