■ LAURA Fox et al., Appellants, v SLAVKO BICANIC et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Graci, J.), entered December 20, 1988, which granted the defendants' motion to vacate their default in appearing in the action.

Ordered that the order is affirmed, without costs or disbursements.

The defendants attribute their delay in answering to the fact that the summons and complaint, which were mailed to the claims department of their insurance carrier were never received by the latter. The defendants had initially forwarded the summons and complaint to their insurance broker who in turn mailed those papers together with a loss report to the insurance carrier. Thereafter, upon receipt of the notice of inquest, the defendants again contacted their insurance broker and relied upon his assurances that the insurance carrier would handle the matter. Neither the defendants nor a representative of their insurance carrier appeared at the scheduled inquest. At the inquest damages were assessed. The defendants, represented by counsel, then moved to vacate the

default. The Supreme Court, Queens County, granted the motion.

The excuse proffered by the defendants for their default in appearing is akin to law office failure *(see, e.g., Eveready Ins. Co. v Devissiere,* 134 AD2d 323; *Kliman v Hutchinson Assocs.,* 91 AD2d 626). CPLR 2005 authorizes the court to vacate defaults arising from law office failure. In support of their motion to vacate the default the defendants were required to establish both a reasonable excuse for the default and a meritorious defense to the action *(see, Fidelity & Deposit Co. v Andersen & Co.,* 60 NY2d 693). We conclude that the defendants have met this dual burden. Accordingly, in view of the relatively brief delay, the absence of any intent on the part of the defendants to default, the absence of any demonstrated prejudice to the plaintiffs, and the long-standing public policy in favor of resolving cases on their merits, the Supreme Court did not improvidently exercise its discretion in excusing the defendants' default *(cf., Swidler v World-Wide Volkswagen Corp.,* 85 AD2d 239). Thompson, J. P., Sullivan, Harwood and Miller, JJ., concur.