■ GIUSEPPE FERRARO et al., Appellants, v BALICE FASHIONS, INC., et al., Respondents.—In an action, *inter alia,* to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Gagliardi, J.H.O.), entered November 19, 1989, which granted the defendants' motion to vacate a judgment entered September 22, 1989, upon their default in appearing at an examination before trial, on condition that they appear for an examination before trial within a specified time period.

Ordered that the order is affirmed, with costs, and the time to conduct the examination before trial is extended until 30 days after service upon the defendants of a copy of this decision and order, with notice of entry; and it is further,

Ordered that the examination before trial shall be conducted at a time and place to be set in a written notice of at least 10 days to be served by the plaintiffs upon the defendants, or at such time and place as the parties may agree.

We find that the Supreme Court properly exercised its discretion in vacating the defendants' default pursuant to CPLR 5015 (a) (1). The default was unintentional and resulted from law office failure on the part of the defendants' former attorney, who was later suspended from the practice of law *(see,* CPLR 2005; *see, Searing v Anand,* 127 AD2d 582, 583). In addition, we conclude that there are meritorious defenses to the plaintiffs' claims, and that, under the circumstances of this case, it was not an improvident exercise of discretion to deny the application to have the judgment stand as security pending trial *(cf., A. G. Serv. Co. v Interboro Contr.,* 64 AD2d 880). Thompson, J. P., Eiber, Miller and Ritter, JJ., concur.