■ ESTELLE ZAPELL, Respondent, v DOMINICK J. MECCA et al., Defendants, and MOHAMMED A. MALIK et al., Appellants.—In an action to recover damages for personal injuries, the defendants Mohammed Ali Malik and Mohammed Yamin Malik appeal from an order of the Supreme Court, Kings County (Shaw, J.), dated June 1, 1990, which denied their motion to vacate a judgment of the same court, entered March 21, 1990, upon their default in appearing at the trial.

Ordered that the order is affirmed, with costs.

The instant action was placed on the trial calendar on or about August 24, 1988, upon the filing of a note of issue by the plaintiff's attorney. The matter was scheduled for trial by the court on December 11, 1989, but was adjourned until December 26, 1989, due to the failure of the appellants and their attorney to appear. The plaintiff's attorney sent the appellants' attorney a letter by certified mail, return receipt requested, advising that the court would proceed to trial and take an inquest if there was a failure to appear on the adjourned date. The letter could not be delivered by the post office because the appellants' attorney had relocated his offices, apparently without advising the court or opposing counsel as to his change of address. The plaintiff's attorney nonetheless telephoned the appellants' attorney after the post office returned the letter and left a message on an answering machine for the appellants' attorney.

An inquest was taken by the court on January 9, 1990, upon the failure of the appellants and their attorney to appear. Judgment in the principal sum of $61,350 was entered against the appellants on or about March 21, 1990. They moved to vacate the judgment in May 1990, arguing that their default was neither willful nor deliberate, but instead, due to the failure of their attorney to inform them of the trial date. In support of the application, their attorney provided an affirmation stating that he had never received a copy of the note of issue or notice of the trial date. The Supreme Court denied the appellants' motion, finding that their default was willful and that they had failed to demonstrate a meritorious defense. We affirm.

Although CPLR 2005 and 5015 (a) empower a court to exercise discretion in determining motions to vacate defaults

emanating from law office failure, the Legislature never intended to sanction conduct evidencing a pattern of inexcusable neglect, or what appears on this record to be an intentional evasion of the legal process *(see, Donovan Leisure Newton & Irvine v Zion,* 168 AD2d 373; *Eveready Ins. Co. v Kremlin Devissiere,* 134 AD2d 323). The appellants' attorney failed to appear for scheduled court conferences on at least three prior occasions without providing any excuse. In addition, he did not dispute the assertion by counsel for the plaintiff that a telephone message regarding the adjourned trial date was left on an answering machine in his office.

We further agree with the court's determination that the appellants failed to demonstrate a meritorious defense. Under the circumstances, the denial of the motion to vacate the default was a proper exercise of discretion. Ritter, Pizzuto and Santucci, JJ., concur.

Eiber, J. P., dissents and votes to reverse the order, as a matter of discretion, and to grant the motion, upon the condition that the appellants' attorney personally pays a monetary sanction of $1,000 to the plaintiff's attorney. It is undisputed in the instant case that the appellants' failure to appear for trial resulted from the neglect of their attorney, who failed to properly monitor the case. While the appellants' counsel's conduct warrants the imposition of a monetary sanction, the Supreme Court improvidently exercised its discretion in penalizing the appellants for counsel's neglect. Taking into account the meritorious nature of the defense, the relatively brief period of delay, the absence of any intent on the part of the appellants to default, the absence of any demonstrated prejudice to the plaintiff, and the long-standing public policy in favor of resolving cases on their merits, I believe that the default should be vacated, and the matter restored to the trial calendar *(see, Albin v First Nationwide Network Mtge. Co.,* 188 AD2d 575; *Ferraro v Balice Fashions,* 173 AD2d 679; *Darrell v Yurchuk,* 174 AD2d 557; *Fox v Bicanic,* 163 AD2d 272).