■ In the Matter of UNITED STATES AUTOMOBILE ASSOCIATION, Respondent, v GENEVIEVE STEIGER, Appellant. [594 NYS2d 336] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the appeal is from an order of the Supreme Court, Suffolk County (Stark, J.), dated October 9, 1990, which denied the appellant's motion to open her default in opposing the application for a stay of arbitration, which was granted by a judgment of the same court, dated May 29, 1990.

Ordered that the order is affirmed, with costs.

The appellant failed to respond to a motion by the respon-

dent United States Automobile Association (hereinafter USAA), *inter alia,* for a permanent stay of arbitration of her claim for uninsured motorist benefits, and the motion was granted on her default. We find that the Supreme Court did not improvidently exercise its discretion in denying her subsequent motion to vacate her default.

The appellant was required to establish both a reasonable excuse for her default and a meritorious defense to USAA's application for a stay of arbitration *(see, e.g., Fidelity & Deposit Co. v Andersen & Co.,* 60 NY2d 693; *Fox v Bicanic,* 163 AD2d 272; *Eveready Ins. Co. v Devissiere,* 134 AD2d 323). Here, the bare assertion by the appellant's attorney that the default was due to the transfer of the file from the appellant's former attorney to substituted counsel was insufficient to establish a reasonable excuse, particularly since the record indicates that the substitution took place after the motion was decided, and no contradictory proof was offered.

Moreover, the appellant failed to present facts sufficient to establish a valid defense to USAA's claim that it is entitled to a permanent stay of arbitration because it was not provided with timely notice of her uninsured motorist claim. Absent a valid excuse, the failure to satisfy the notice requirement in a policy vitiates coverage *(see, Matter of Allcity Ins. Co. v Jimenez,* 78 NY2d 1054; *Security Mut. Ins. Co. v Acker-Fitz-simons,* 31 NY2d 436; *Matter of Merchants Mut. Ins. Co. v Hurban,* 160 AD2d 873). The appellant failed to explain the delay for over a year after the accident in notifying USAA of her uninsured motorist claim, and she offered no evidence that she diligently sought to ascertain the insured status of the offending vehicle *(see, e.g., Matter of State Farm Mut. Ins. Co. v Pizzonia,* 147 AD2d 703; *State Farm Mut. Auto. Ins. Co. v Romero,* 109 AD2d 786). In the absence of evidence that notice was given "as soon as was reasonably possible" (Insurance Law § 3420 [a] [4]), USAA was entitled to a permanent stay of arbitration. Thompson, J. P., Sullivan, O'Brien and Copertino, JJ., concur.