■ In the Matter of STATE FARM INSURANCE COMPANY, Appellant, v GARRI AROUTIQUNIAN et al., Respondents. [725 NYS2d 885] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Nassau County (Lally, J.), entered March 22, 2000, which, after a hearing, in effect, granted the respondents' motion to vacate an order of the same court, dated October 30, 1998, which granted the petition upon the respondents' default in appearing or opposing the petition.

Ordered that the order entered March 22, 2000, is reversed, as a matter of discretion, with costs, the motion is denied, and the order dated October 30, 1998, is reinstated.

The respondents sought to vacate their default in appearing or opposing the petition on the ground that the default was excusable (*see,* CPLR 5015 [a] [1]). A party seeking to vacate a default must establish both a meritorious claim and a reasonable excuse for the default (*see, Matter of Atlantic Mut. Ins. Co. v Shaw,* 222 AD2d 581; *Matter of United States Auto. Assn. v Steiger,* 191 AD2d 496). Since the respondents' counsel conceded at a hearing held on the matter that she was served with the petition, and there is no evidence of a reasonable excuse for the default, the Supreme Court improvidently exercised its discretion in granting the motion. Ritter, J. P., Altman, McGinity, Smith and Cozier, JJ., concur.