■ ANTHONY MARMO, Respondent, v VINCENT GEBBIA et al., Appellants. [741 NYS2d 914] —In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Kings County (I. Aronin, J.), dated September 4, 2001, which denied their motion to vacate a judgment of the same court, dated January 29, 2001, upon their default in appearing for trial.

Ordered that the order is reversed, as a matter of discretion, without costs or disbursements, the motion is granted, the judgment is vacated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

The Supreme Court improvidently exercised its discretion in denying the defendants' motion. The defendants' failures to appear for trial on two occasions were isolated instances over the course of this more than 10-year-old lawsuit and did not constitute a pattern of neglect. Rather, as confirmed by the affidavit of the defendants' former counsel, these isolated failures were due to the law office failure of that former counsel. Furthermore, the defendants demonstrated the existence of meritorious defenses to this action. We further note that contrary to the plaintiff's contentions, the defendants' pleadings and/or defenses were not previously stricken by an April 16, 2000 order of the Supreme Court restoring this matter to the trial calendar.

Under these circumstances, and in light of the strong public policy favoring resolution of actions on the merits, we choose to exercise our discretion and grant the defendants' motion (*see Ferraro v Balice Fashions*, 173 AD2d 679; *Fernandez v New York City Health & Hosps. Corp.*, 238 AD2d 544; *see also Albin v First Nationwide Network Mtge. Co.*, 188 AD2d 575; *cf. Ruppell v Hair Plus Beauty*, 288 AD2d 205; *Rock v Schwartz*, 244 AD2d 542).

In light of this determination, we need not reach the parties' remaining contentions. Florio, J.P., Friedmann, H. Miller and Townes, JJ., concur.