■ VINCENT GEBBIA et al., Appellants, v RICHARD L. GUMO, Respondent. [820 NYS2d 902]—

In an action to recover damages for legal malpractice, the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Feinman, J.), dated January 5, 2005, which, upon a jury verdict, is in favor of the defendant and against them dismissing the complaint.

Ordered that the judgment is affirmed, without costs or disbursements.

In 1990 the appellants retained Richard L. Gumo to defend them in an action, inter alia, to recover damages for breach of contract. After Gumo failed to appear for trial on September 18, 2000, and failed to appear at an inquest held on October 3, 2000, a default judgment was entered against the appellants in that action. The appellants hired new counsel, and by decision and order dated May 13, 2002 [*Marmo v Gebbia,* 294 AD2d 411], this Court vacated the default judgment on the ground that Gumo's failures were isolated instances of law office failure and did not constitute a pattern of neglect.

Thereafter, the appellants commenced this action to recover damages for legal malpractice against Gumo. At trial, the appellants introduced affidavits of service of notices of the trial and the inquest to demonstrate that Gumo knew the dates of the trial and inquest, but the jury found that Gumo did not commit malpractice in failing to appear at the trial and the inquest.

On appeal, the appellants contend that they are entitled to a new trial because the Supreme Court failed to charge the jury that a properly executed affidavit of service raises a rebuttable presumption that a proper mailing occurred and failed to charge the jury that Gumo had a duty to determine when court appearances were scheduled. However, viewing the charge as a whole, we find that it was not confusing and adequately instructed the jury on the applicable standards of legal malpractice (*see Price v New York City Hous. Auth.*, 92 NY2d 553, 557 [1998]; *Grimes v City of New York*, 309 AD2d 898 [2003]).

The appellants' remaining contention is without merit. Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.