## B. Riley Retail Solutions, LLC v CA Global Partners Ltd.

2025 NY Slip Op 34406(U)

November 18, 2025

Supreme Court, New York County

Docket Number: Index No. 651626/2024

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 03M

------------------------------------------------------------------------------X

B. RILEY RETAIL SOLUTIONS, LLC

                    Plaintiff,

         - v -

CA GLOBAL PARTNERS LTD.,

                    Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651626/2024 |
| **MOTION DATE** | 07/09/2025, 09/05/2025 |
| **MOTION SEQ. NO.** | 001 002 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 34, 35

were read on this motion for           DEFAULT JUDGMENT      .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 30, 31, 32, 33, 36, 37

were read on this motion for    ABANDONMENT, OUT OF TIME, ATTORNEYS' FEES  .

     Plaintiff B. Riley Retail Solutions, LLC ("Plaintiff") moves for default judgment pursuant to CPLR 3215(a) against Defendant CA Global Partners Ltd. ("Defendant") for failure to timely answer or otherwise respond to the Complaint (NYSCEF 2 ["Compl."]). In response, Defendant moves for an order pursuant to CPLR 3215(c) deeming the Complaint abandoned or, in the alternative, an order pursuant to CPLR 306-b dismissing the Complaint as untimely, in addition to an award of attorneys' fees pursuant to NYCRR 130-1.1.

     For the reasons set forth below, Plaintiff's motion for default judgment and Defendant's cross-motions are each **denied**. Plaintiff is directed to re-serve the Complaint upon Defendant within 30 days from the date of this Order, failing which the Complaint shall be dismissed.

651626/2024   **B. RILEY RETAIL SOLUTIONS, LLC vs. CA GLOBAL PARTNERS LTD.**
Motion No.  001 002

Page 1 of 6

1 of 6

[* 1]

## FACTUAL BACKGROUND

Plaintiff commenced this action on March 28, 2024, by filing a Complaint against Defendant alleging Defendant's default on a promissory note issued by Plaintiff's predecessor in interest on March 1, 2017. Shortly thereafter, Plaintiff purported to serve two of Defendant's registered agents, Peter Wyke and Stefanie Schwaderer, as reflected in affirmations of service dated May 31, 2024, and June 1, 2024, respectively *(see* NYSCEF 19 [White Affirm.]; NYSCEF 20 [Sands Affirm.]).

On September 9, 2025, Plaintiff moved for default judgment, asserting that Defendant failed to answer or otherwise respond to the Complaint within the required period (NYSCEF 11 [Notice of Motion]). Defendant resists on the grounds that service was not properly effectuated or, alternatively, that Plaintiff failed to timely seek default judgment.

## DISCUSSION

### I. Plaintiff's Motion for Default Judgment

Compliance with CPLR 3215(a) requires, *inter alia*, proof that the defendant was properly served with a copy of the summons and complaint (CPLR 3215[f]). While an affidavit of service generally constitutes *prima facie* evidence of proper service (*Scarano v Scarano*, 63 AD3d 716, 716 [2d Dept 2009]), a defendant may rebut this presumption by submitting a sworn denial of receipt substantiated by specific allegations sufficient to raise an issue of fact (*Hinds v 2461 Realty Corp.*, 169 AD2d 629, 631 [1st Dept 1991]; *NYCTL 1997-1 Trust v Nillas*, 288 AD2d 279, 279 [2d Dept 2001]).

Plaintiff has filed two affirmations of service each purporting to reflect service on an alleged agent of Defendant (*see* Sands Affirm.; White Affirm.), thereby raising a presumption of proper service. However, that presumption is rebutted by sworn affirmations from both

651626/2024   B. RILEY RETAIL SOLUTIONS, LLC vs. CA GLOBAL PARTNERS LTD.                Page 2 of 6
Motion No.  001 002

2 of 6

individuals denying any relationship with Defendant (*see* NYSCEF 26 ["Schwaderer Affirm."]; NYSCEF 27 ["Wyke Affirm."]), a sworn testimony from Defendant's counsel denying receipt of service by any authorized person (*see* NYSCEF 28 ["Boren Affirm."]), conflicting accounts as to the sex of one of the servers (*cf.* Sands Affirm. and Schwaderer Affirm.), and inconsistencies regarding the contents of the complaint allegedly served (*cf.* White Affirm. and Wyke Affirm.).

Considering the disagreement between the parties, the Court cannot definitively conclude that service was properly effectuated. Since proper service is a prerequisite to obtaining a default judgment (CPLR 3215[f]), the motion for default judgment is denied without prejudice to re-serving the Complaint as discussed below.

## II. Defendant's Cross-Motion to Deem Complaint Abandoned

Pursuant to CPLR 3215(c), "if the plaintiff fails to take proceedings for the entry of judgment within one year after default, the court shall not enter judgment but shall dismiss the complaint as abandoned." The applicability of this provision therefore turns in part on whether service was properly effectuated.[1] If service was not effectuated, no default occurred, and the one-year period was never triggered. Conversely, if service was effectuated, more than one year has passed since Defendant's time to respond expired, thereby rendering the Complaint *prima facie* abandoned.

CPLR 3215(c) provides a safeguard against dismissal by allowing an extension of the one-year period upon a showing of "sufficient cause." To satisfy this standard, the plaintiff must generally demonstrate both "a reasonable excuse for the delay" as well as "a potentially

---

[1] A default—*i.e.*, a defendant's failure to timely respond to a complaint brought against them—necessarily presupposes that the defendant was properly served—*i.e.*, made aware of the complaint—in the first instance.

**651626/2024  B. RILEY RETAIL SOLUTIONS, LLC vs. CA GLOBAL PARTNERS LTD.**  **Page 3 of 6**
**Motion No. 001 002**

3 of 6

meritorious cause of action" (*Maspeth Fed. Sav. & Loan Assn. v Brooklyn Heritage, LLC*, 138 AD3d 793, 793 [2d Dept 2016]). Whether an excuse is reasonable in any given instance is "committed to the sound discretion of the motion court" (*Giglio v NTIMP*, 86 AD3d 308, 308 [2d Dept 2011]).

Plaintiff filed the motion for default judgment on July 9, 2025, approximately 18 days after the one-year period expired. However, the record indicates that Plaintiff's counsel was absent from work due to a serious family medical issue around the time that a motion for default judgment was due (*see* NYSCEF 36 ["Hayes Affirm."] ¶¶ 5-6). Under the circumstances, this constitutes a reasonable excuse for the brief delay. Furthermore, Plaintiff has asserted a meritorious cause of action based on Defendant's alleged breach of a promissory note in response to which Defendant has, as of yet, offered no substantive defense (*see Back v Stern*, 23 AD2d 837, 837 [1st Dept 1965]; Compl. ¶¶ 27-32).

Accordingly, even if the Complaint was deemed to have been properly served, Plaintiff has made a sufficient showing to avoid dismissal under CPLR 3215(c). Defendant's cross-motion to deem the Complaint abandoned is therefore denied.

### III. Defendant's Cross-Motion to Dismiss Complaint as Untimely

In the alternative, if service was not properly effectuated, Defendant cross-moves for dismissal pursuant to CPLR 306-b based on Plaintiff's untimely service.[2]

---

[2] Plaintiff asserts that Defendant opposing the motion for default judgment on the ground that Defendant was never served, while simultaneously moving to have the Complaint deemed abandoned because more than one year has passed since Defendant's time to respond expired, is contradictory. However, pleading in the alternative is a well-established practice and not inherently objectionable, particularly where, as here, the underlying facts are in dispute.

**651626/2024   B. RILEY RETAIL SOLUTIONS, LLC vs. CA GLOBAL PARTNERS LTD.**     **Page 4 of 6**
  **Motion No.  001 002**

While CPLR 306-b requires that Plaintiff serve Defendant "within one hundred twenty days after the commencement of the action or proceeding," the time for service may be extended "upon good cause shown or in the interests of justice." Whether to grant an extension "is a matter within the court's discretion" (*Leader v Maroney*, 27 NY2d 95, 101 [2001]).

As explained above, Plaintiff has shown good cause for any delay in service through the submission of affidavits purporting to evidence timely and proper service. Furthermore, it is in the interests of justice that Plaintiff be given additional time to serve. Plaintiff has alleged a meritorious claim in response to which Defendant has failed to articulate any substantive defense, and the Statute of Limitations has run (*see id.* at 105-106; *Chiaro v D'Angelo*, 7 AD3d 746, [2d Dept 2004] [extending plaintiff's time to serve process when the "statute of limitations had expired, service which was timely made within the 120-day period was subsequently found to be defective and there was no prejudice to [the defendant] who had actual notice of action"]).

Accordingly, the deadline for service will be extended for 30 days from the date of this decision and order pursuant to CPLR 306-b.

### IV. Defendant's Cross-Motion for Attorneys' Fees

Finally, Defendant's cross-motion for attorneys' fees under NYCRR 130-1.1 for Plaintiff's purportedly frivolous litigation conduct is denied.

\* \* \* \*

Accordingly, it is

**ORDERED** that Plaintiff's motion for a default judgment is **denied**; it is further

**ORDERED** that Defendant's cross motion for an order deeming the Complaint abandoned is **denied**; it is further

651626/2024   B. RILEY RETAIL SOLUTIONS, LLC vs. CA GLOBAL PARTNERS LTD.    Page 5 of 6
Motion No.  001 002

5 of 6

**ORDERED** that Defendant's request for an award of attorney's fees is **denied**; and it is further

**ORDERED** that Plaintiff serve Defendant within thirty (30) days from the date of this Order, failing which the Complaint shall be dismissed.

This constitutes the Decision and Order of the Court.

20251118122526JMC0HENEB1765A5EEA59453E81814490575473B4

_____
**11/18/2025**
**DATE**

_____
**JOEL M. COHEN, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**651626/2024  B. RILEY RETAIL SOLUTIONS, LLC vs. CA GLOBAL PARTNERS LTD.**
**Motion No.  001 002**

Page 6 of 6

[* 6]